UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.    )<br>)<br>ISAAC STEVE STURGEON,    )<br>)<br>Defendant.    )<br>_____ ) | No. 21-091 (RCL) |

**<u>DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION SEVER
MR. STURGEON'S TRIAL FROM THOSE OF HIS CO-DEFENDANTS</u>**

Defendant, Isaac Sturgeon, through counsel, respectfully submits this reply to the government's opposition to the defendant's request to sever the defendants. *See* ECF No. 91 ("Gov. Opp."). For the reasons stated below, the Court should grant a severance pursuant to Fed. R. Crim. P. 8(b), Rule 14, and other applicable law.

## ARGUMENT

January 6 trials have now been conducted for the past two years. Individual trials have become the norm – not mass trials as the government is trying to do in this case. Saving time and resources does not outweigh a defendant's right to a fair trial. Sturgeon, Bingert, and Johnatakis did not "work together" as the government suggests. Rather, they were simply at the same place at the same time. That is just not enough for any type of joinder. Most importantly, Mr. Sturgeon is not requesting this severance as an academic exercise. Rather, he faces trial on serious

1

charges and his life and liberty are on the line. Mr. Sturgeon will most certainly not have a fair trial if the defendants remain joined.

### I.     The defendants are improperly joined under Rule 8(b)

The government in its response asserts that joinder is appropriate because all three defendants participated in the same "series of acts." *See* Gov. Opp. at 9-10. As an initial matter, the government did not address each count of the indictment and only claims that they all committed a Civil Disorder, an Assault, and an Obstruction of an official proceeding together. In any event, the government leaves out the most important well settled D.C. law and that is that the "series or transactions" *must have a logical relationship* between them. *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984) (emphasis added). Even by the government's account of the evidence, there is no relationship between the defendants or what they allegedly did. The government claims they acted in unison and "followed the directions of Johnatakis." *See* Gov. Opp. at 9-10. That claim is *sheer make believe* and is not supported by the evidence. Not only was there no verbal communication between the defendants but there also was no non-verbal communication suggesting unity – such as a head nod for example.

The government's argument stretches credulity, especially when taking a look at one of the screen shots it provided in its response.



The individual circled in black to the right of Mr. Sturgeon is theoretically a part of the same "series of transactions." So why is it that Mr. Sturgeon is included in Bingert and Johnatakis's indictment and not the individual who is just as close to him who theoretically would have heard Johnatakis's voice too? The government attempts to ignore its arbitrary decision to join these three defendants by claiming that "Rule 8 is permissive, not mandatory…and not just premised on the simple fact that each defendant participated generally in the riot…but also on the fact that these three defendants worked together…using the same implement…a metal barricade." *See* Gov. Opp. at 11. However, as we can see from this photograph, the individual circled in black is also using the same "implement," a metal barricade. There is no justifiable reason to join these three defendants specifically when there is no logical relationship other than proximity to one another.

The government offers only the promise to save the Court from overlapping evidence as it asserts that most of the evidence will be the same. *Id*. Besides the testimony from the alleged victim officers (which likely will be minimal), that assertion is true in every single January 6 trial – yet here we are with 800+ cases which all will have substantial overlapping evidence at trial. Saving the court two more trials out of hundreds at the expense of these defendants' rights is

nonsensical.

The government next asserts that joinders are not only appropriate in conspiracy cases but fails to acknowledge that most criminal trials in which defendants are joined are conspiracy cases. *See, e.g.*, *United States v. Mason*, 951 F.3d 567, 575 (D.C. Cir. 2020) ("The indictment's allegation that [the defendants] conspired to distribute drugs made joinder of their trials proper": "'The mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense.'" (quotation omitted)); *United States v. Bostick*, 791 F.3d 127, 145 (D.C. Cir. 2015) (Kavanaugh, J.) ("D.C. offenses were committed in furtherance of the charged drug conspiracy or were predicate acts committed in furtherance of the charged RICO conspiracy, or both"); *United States v. (George) Wilson*, 605 F.3d 985, 997 (D.C. Cir. 2009) (per curiam) (conspiracy and RICO conspiracy case); *United States v. Carson*, 455 F.3d 336, 373 (D.C. 2005) (per curiam) ("all of these counts were overt acts in furtherance of the narcotics conspiracy and predicate acts in furtherance of the RICO conspiracy"); *United States v. Spriggs*, 102 F.3d 1245, 1255 (D.C. 1996) (per curiam) ("all of the defendants participated in a single conspiracy … joinder of the defendants was proper"), *amended*, 102 F.3d 1245 (D.C. 1997); *United States v. (Lance) Wilson*, 26 F.3d 142, 153-54 (D.C. 1994) (defendants were indicted and unindicted co-conspirators in same conspiracies); *United States v. Delpit*, 94 F.3d 1134, 1142-43 (8th Cir. 1996) (interconnected drug conspiracies and evidence sole defendant not alleged part of conspiracy was hired as

contract killer to advance the conspiracy); *United States v. Eiland*, 406 F. Supp.2d 46, 50 (D.D.C. 2005) ("While each defendants' alleged role in the overall scheme may vary, all counts relate either directly or indirectly to the underlying conspiracy."); *United States v. Hubbard*, 474 F. Supp. 64, 87 (D.D.C. 1979) (joinder proper of overlapping and interlocking charges related to one conspiracy to collect data and the other conspiracy to cover-up unlawful data collection); *United States v. Moore*, 216 F. Supp.3d 566, 584 (E.D. Pa. 2016) ("The presence of a conspiracy count linking the two bank robberies made the initial joinder of the offenses appropriate.").

The government also does not even try to distinguish Supreme Court precedent that announced a warning when dealing with joinder in *non-conspiracy* cases:

> Criminal they may be, but it is not the criminality of mass conspiracy. They do not invite mass trial by their conduct. Nor does our system tolerate it. That way lies the drift toward totalitarian institutions. True, this may be inconvenient for the prosecution. But our Government is not one of mere convenience or efficiency. It too has a stake, with every citizen, in his being afforded our historic individual protections, including those surrounding criminal trials. About them we dare not become careless or complacent when that fashion has become rampant over the earth.

*Kotteakos v. United States*, 328 U.S. 750, 773 (1946). The government does not heed this warning and provides mostly cases where joinder was permitted in *conspiracy* cases.

Lastly, the charge of Civil Disorder is not the same as a conspiracy as the government claims. *See* Gov. Opp. at 10. There is nothing in the language of 18 U.S.C. §231(3) that requires defendants to act in concert with one another. The

5

definition of "civil disorder" only requires three or more persons to be present but says nothing about working towards a common goal or scheme. Again, any of the defendants present on the Capitol Grounds would suffice under the definition of civil disorder and we do not have an 800 co-defendant trial.

> II. **Even if the Court finds that it *could* join the defendants, the Court should sever Mr. Sturgeon's trial from his co-defendants to protect his substantive rights.**

The government did not address the most important concern of joinder in this case and that is the result of an unfair trial. The government simply at the end of its response says, "Defendants also utterly fail to identify any potential prejudice that they will suffer…" *See* Gov. Opp. at 12. However, in asserting that conclusion, the government ignores the defense's position and Supreme Court precedent. The government also ignores the fact that Mr. Johnatakis has announced his intention to represent himself at trial.

   The Supreme Court has observed that severance of properly joined defendants is appropriate where, as here, there the dangers for "transference of guilt from one defendant to another…are so great that no one can really say prejudice to a substantial right has not taken place." *Kotteakos*, 328 U.S. at 750. The D.C. District Court reiterated the Supreme Court's concerns that this risk is "heightened" when, for example, "many defendants are tried together…and they have markedly different degrees of culpability." *United States v. Franklin*, 2005 WL 8157514 *2 (D.D.C. Dec. 16, 2005) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). In *Franklin*, the district court also observed the D.C. Circuit's instruction

that severance is required when "evidence against one defendant is far more damaging than the evidence against the other defendants." *Id.* at *3 (quoting *United States v. Halliman*, 923 F.2d 873, 884 (D.C. Cir. 1991)).

There is just simply no doubt here that Mr. Johnatakis's allegations and evidence against him bear a far greater degree of culpability than for Mr. Sturgeon. Johnatakis is alleged to be on video surveillance encouraging the crowd to press on forward to push past the police line. There is no such allegation against Mr. Sturgeon – as he was essentially silent the entire time he was on the Capitol grounds. The joinder of these defendants would prejudice Mr. Sturgeon because it would be difficult for the jury to compartmentalize the evidence against each of them to judge independently. *Franklin*, 2005 WL 8157514 *3 (the critical question is "whether a jury could reasonably compartmentalize the evidence introduced against each defendant.") (quoting *Halliman*, 923 F.2d at 884). Mr. Sturgeon would not receive a fair trial if joined with the other co-defendants because the evidence against them, specifically Johnatakis would have a "spillover" effect causing the jury to implicate Mr. Sturgeon and would "prevent the jury from making a reliable judgment about [his] guilt or innocence." *Id.* at *15 (quoting *Zafiro*, 506 U.S. at 539).

Furthermore, Mr. Johnatakis has announced his wish to represent himself. In doing so, there is no telling what kinds of evidence he will attempt to present at trial. *See* ECF Nos. 72, 76, 88, 78. The effects of his self-representation will undoubtedly have a spill-over effect on Mr. Sturgeon and prejudice him in front the

7

jury. *See United States v. Tucker*, 12 F.4th 804, 815-16 (D.C. Cir. 2021). In *Tucker*, the district court denied a defendant's request to represent himself mid trial and recognized the harmful effects it would have on the other co-defendants, especially given the defendant's unwarranted hostility he showed to fair proceedings. *Id*. The court quoted the Eleventh Circuit saying "a trial involving a *pro se* defendant and co-defendants who are assisted by counsel is pregnant with the possibility of prejudice." *Id*. (quoting *United States v. Veteto*, 701 F.2d 136, 139 (11th. Cir. 1983)). Although Mr. Johnatakis has the right to represent himself, the Court must acknowledge the inevitable harmful effects it will have on Mr. Sturgeon who will want his arguments to be meritorious in front of the jury and not clouded by other potentially frivolous arguments made by a *pro se* defendant. In addition, cross-examination of government witnesses and re-direct by the government will undoubtedly open the door to testimony successfully suppressed by represented counsel through objection practice – only to be unraveled by a pro se defendant who does not have knowledge of the rules of evidence.

For these reasons, prejudice will surely result from a joined trial in this matter as the jury will be unable "to consider each defendant's case separately" because the error that resulted permeated the atmosphere throughout the entire trial. *Kotteakos*, 328 U.S. at 769-70.

## Conclusion

Based on the compelling factors above, Mr. Sturgeon respectfully requests

that the Court sever Mr. Sturgeon's case from his co-defendants as they are unrelated to him and joinder would result in serious prejudice.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

          /s/
        _____

        Maria N. Jacob
        D.C. Bar No. 1031486
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500
        Maria_Jacob@fd.org