UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-091 (RCL) |
| | ) | |
| ISAAC STURGEON, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## <u>DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO NOTICE OF PUBLIC AUTHORITY DEFENSE</u>

Mr. Sturgeon, through counsel, submits the following reply to the government's premature request that the Court exclude him from presenting an affirmative defense at trial. The government in its response firstly ignores the language in Mr. Sturgeon's notice, which clearly states his intention to only use the affirmative defense to argue that he believed he had the authority to be on Capitol grounds. *See* ECF No. 84. Mr. Sturgeon does not intend on arguing that he was authorized to allegedly assault anyone, commit a civil disorder, or obstruct an official proceeding.

Even still, the government's arguments fail in many respects. Based on the following reasons, the government's request should be denied and Mr. Sturgeon should be able to present to jury the public authority defense and the defense of entrapment by estoppel.

1

## LEGAL STANDARD

It is a bedrock principle that a criminal defendant has a constitutional right to present a defense. *See Chambers v. Mississippi*, 410 U.S. 284 (1973). The right to present a defense is in plain terms "the right to present the defendant's version of the facts as well as the prosecution's version to the jury so that it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14 (1967). A defendant is generally entitled to an instruction on his theory of the case and:

> [W]here there is evidentiary support for special facts sustaining a rational defensive theory, to which the court's attention is specifically directed, the defendant is entitled to have the jury charged on that theory; however weak the evidence, however implausible the theory may appear to be, the matter is for the jury's determination.

*Brooke v. U.S.*, 385 F.2d 279, 284 (D.C. Cir. 1967). In determining whether there is a basis for the instruction exists, the evidence must be reviewed in the light most favorable to the defendant. *United States v. Alvarado*, 808 F.3d 474, 488 (11th Cir. 2015).

A defendant is entitled to a jury instruction on any recognized affirmative defense "if there is sufficient evidence from which a reasonable jury could find for the defendant on that theory." *United States v. Nwoye*, 663 F.3d 460, 462 (D.C. Cir. 2011). Federal Rules of Criminal Procedure 12.3 allows for an affirmative defense called the "public authority" defense, which requires a defendant to provide advance notice if the defendant intends to assert a defense of actual or believed exercise of public authority at a trial. The public authority defense is available if an individual

(1) reasonably, on the basis of an objective standard, (2) relies on a (3) conclusion or statement of law (4) issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field. *United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976). The first three issues are issues of fact for the jury with the fourth being a question of law. *Id*. The Court in *Barker* noted:

> It would appear to serve both justice and public policy in a situation where an individual acted at the behest of a government official to allow the individual a defense based upon his reliance on the official's authority if he can show that his reliance was objectively reasonable under the particular circumstances of his case.

*Id*. at 949. The public authority defense is available when the defendant has shown that his "reliance on governmental authority was reasonable as well as sincere." *United States v. Burrow*s, 36 F.3d 875, 882 (9th Cir. 1994).

The entrapment by estoppel defense is another form of the public authority defense in that it is available when a government official commits an error and the defendant relies on it and thereby violates the law. *Id*. "In short, the defense involves the 'concept of unintentional entrapment by an official who mistakenly misleads a person into a violation of the law.' *Id*. (quoting *United States v. Tallmadge*, 829 F.2d 767, 773 (9th Cir. 1987)). To win an entrapment by estoppel claim, a defendant criminally prosecuted for an offense must prove: (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant

actually relied on the agent's misleading pronouncement in committing the offense;

and (4) the defendant's reliance was reasonable in light of the identity of the agent,

the point of law misrepresented, and the substance of the misrepresentation."

*United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018). *See also Raley v. State of*

*Ohio*, 360 U.S. 423, 437 (1959) (conviction overturned because upholding conviction

would violate due process and constitute entrapment).

## INTRODUCTION

After choosing to charge over 800 individuals with vast ranging alleged

criminal conduct arising from the events on January 6, 2021, the federal

government now opposes Mr. Sturgeon's right to present a viable defense. The

government does this even after being aware of the findings of the January 6 House

Committee that President Trump was responsible for inciting the events on

January 6, 2021.[1] In support of its position, and as discussed further below, the

government relies on case law that is not binding on this Court and their efforts to

undermine Mr. Sturgeon's constitutional right to present his own defense should be

sharply rejected.

## ARGUMENT

### I.     The President of the United States and Commander in Chief Has

---

[1] Jonathan Allen, *On Jan. 6, Trump ignored all pleas to call off the mob attacking the Capitol while 'pouring gasoline on fire' aide says*, NBC News, July 21, 2022, available at https://www.nbcnews.com/politics/congress/prime-time-jan-6-hearing-focuses-trumps-inaction-187-minutes-mayhem-rcna36737; *See* also *Jan. 6 committee condemns Trump as "central cause" of insurrection in sweeping report*, ABC News, December 19, 2022 available at https://www.msn.com/en-us/news/politics/jan-6-committee-condemns-trump-as-central-cause-of-insurrection-in-sweeping-report/ar-AA15ssDw

**Clear Authority to Permit Mr. Sturgeon to enter onto Capitol Grounds**

The government in its opposition wrongfully and without authority asserts that the President of the United States at the time did not have the authority to authorize Mr. Sturgeon's alleged conduct. *See* ECF No. 96 ("Gov. Res."). Firstly, the government is asking the Court to ignore the vast power that the President of the United States clearly has. Under the United States Constitution, the President is the nation's leader and chief executive of the executive branch. With this position comes the power to make laws, veto laws, and enforce the laws made. The President can also issue executive orders that do not require the approval of Congress. The President is the Commander in Chief of the Army and Navy of the United States, and of the Militia of the several States. U.S. Const., Article II, Section 2. To argue to this Court that the President does not, at a minimum, have the authority to permit its citizens to enter onto government building grounds is unsupported.

As an initial matter, Mr. Sturgeon is not only charged with Obstruction of an Official Proceeding, Civil Disorder, and Assault. He is also charged with misdemeanor offenses all relating to entering and remaining on restricted building or grounds pursuant to 18 U.S.C. §1752(a)(1), and (2). *See* ECF No. 53. Despite these other charges, the government's response mistakenly focuses just on the alleged conduct that Mr. Sturgeon obstructed the Electoral vote certification. The President of the United States would certainly have the authority, at a minimum, to authorize an individual to demonstrate on Capitol Grounds. The government cites to absolutely no rule of law that would prohibit such authorization by a President.

The authority that the government first relies upon to suggest that the President was not authorized to permit these actions is an opinion by Chief Judge Howell based solely on a discussion surrounding the Bail Reform Act. *See* Gov. Res. at 3-4 (citing to *United States v. Chrestman*, 525 F. Supp 3d 14 (D.D.C. 2021)). In deciding to detain a January 6 defendant, the Court made a passing statement regarding whether or not the public authority defense would be viable. In its opinion, the Court did not think it would be viable and so concluded that the weight of the evidence factor in determining bail was still strong. *Id*. This was a bail decision and not a decision regarding whether or not the defendant could present the public authority defense and should not be considered precedent on this issue. The Court in *Chrestman* was not presented with the issue here and the opinion did not suggest that defendants could not even present the defense at trial.

Furthermore, the language from the *Chrestman* opinion also ignores the broad coverage of 18 U.S.C. §1512's prohibitions which includes even "*influencing an official proceeding.*" In *Chrestman*, the Court explained that President Trump did not have the authority under the Constitution to "direct an assault" on the Legislative branch of government. *Id*. at 32-33. However, that is not the question here but rather it is whether the President had the authority to authorize entry onto Capitol Grounds for the purpose of influencing the vote. The government presents no argument as to whether or not the President can permit entry on otherwise restricted grounds for the purpose of demonstrating while the certification of the vote is occurring.

The Former President Trump, after several minutes of reiterating his claims that the election was stolen, said the following to the crowd (including Mr. Sturgeon) on January 6, 2021:

> We will not let them silence your voices. We're not going to let it happen, I'm not going to let it happen…..We're gathered together in the heart of our nation's capital for one very, very basic and simple reason – to save our democracy….Now, it is up to Congress to confront this egregious assault on our democracy. And after this, ***we're going to walk down, and I'll be there with you***, we're going to walk down…I know that everyone here will soon be marching over to the *Capitol building* to peacefully and patriotically make your voices heard….And they want to recertify their votes…**But the only way that can happen is if Mike Pence agrees to send it back…If not…you will have an illegitimate President.** That's what you'll have. And we can't let that happen…**We must stop the steal** and then we must ensure that such outrageous election fraud never happens again….**And we fight. We fight like hell**. **And if you don't fight like hell, you're not going to have a country anymore…..So we're going to, we're going to walk down Pennsylvania Avenue…And we're going to the Capitol, and we're going to try and give them the kind of pride and boldness that they need to take back our country.. So let's walk down Pennsylvania Ave**.[2]

The crowd, including Mr. Sturgeon, had no reason to believe that the President had not authorized them to be able to walk freely at the Capitol to demonstrate. The President was very clear that he was going to join them.

The government in its opposition also relies on a prior D.C. Circuit case that is unclear and is not controlling law in this district. *See* Gov. Res. at 4-5. In *United States v. North*, 910 F.2d 843, 880 (D.C. Cir. 1990), the Court affirmed the lower's

---

[2] Associated Press, *Transcript of Trump's Speech at Rally Before US Capitol Riot*, U.S. News & World Report, Jan. 13, 2021, available at https://www.usnews.com/news/politics/articles/2021-01-13/transcript-of-trumps-speech-at-rally-before-us-capitol-riot (last viewed on Nov. 22, 2022).

court's decision declining to give an instruction on the public authority defense. However, the reason for the Court' ruling was because the defendant did not even claim that he relied on any "conclusion or statement of law issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field," as the *Barker* Court required as to whether or not the defendant met the factors to establish the defense. *Id*. What is perplexing however about the *North* Court's reasoning is that *North* did claim that he relied on a "conclusion" and that was that a National Security Advisor to the President at the time told him to engage in the conduct. The Court in *North* fails to explain why this does not qualify as a "conclusion" and simply says it is not. Because its reasoning regarding the authorization defense is so brief and does not elaborate on the *Barker* factors, it is unclear and does not establish any new standard regarding the applicability of the defense. The Court then further declined to follow *Barker* even though it did not overrule it, making the *Barker* factors still the applicable standard in this jurisdiction.

In *Barker*, the Court reasoned that the public authority defense does not encourage ignorance of the law "for the defense requires that the individual either seek or be cognizant of the official statement upon which he or she relies," and that "the defense advances the policy of fostering obedience to the decisions of certain individuals that society has put in positions of prominence…i.e., courts, executive officials.." *Barker*, 546 F.2d at 955-956. The Court applied the required factors and reasoning to conclude that the defendants relied on Hunt's authority as delegated

from an intelligence superstructure controlled by the White House, and firmly believed that they were acting in a legal capacity. *Id.* at 957. The Court further reasoned that "the Executive Branch of the United States Government is vested with substantive responsibilities in the field of national security, and decisions of its officials on the extent of their legal authority deserve some deference from the public." *Id.* Similarly, Mr. Sturgeon relied on the highest ranking official in the Executive Branch, the President, who concluded that it was okay for them all to march down to the Capitol. There is no reason to believe that the President is not vested with such authority to declare once restricted grounds no longer restricted.

After *North* was decided, the D.C. Circuit found another defendant to be entitled to present the public authority defense in *United States v. Baird*, 29 F. 3d 647, 654 (D.C. Cir. 1994). Baird was a Coast Guard reserve officer convicted of violating a federal conflict of interest statute but offered testimony that his Lieutenant relayed to him that the payments would be legal. The Court ruled that Baird could use this testimony to present the public authority defense. Although the Court in *Baird* acknowledged some of the same problems that the *North* Court found with the *Barker* decision, it ultimately decided that it "had not meant to suggest that criminal defendants in this Circuit could not avail themselves of the defense of reliance on an official misstatement of the law as that defense is described in Judge Merhige's opinion." *Id.* at 654.

Therefore, whatever reliance the government has on *North* is misplaced because it is not the controlling or binding law in this area. There is no reason at

this point in time that Mr. Sturgeon cannot avail himself of a defense if he is able to

establish certain required factors at trial. Notably, the only factor the Court must

decide, as the first three are in the sole province of the jury, is the fourth *Barker*

factor that the conclusion was "issued by an official charged with interpretation,

administration, and/or enforcement responsibilities in the relevant legal field."

*Barker*, 546 F.2d at 955. It is difficult to imagine how the President and

Commander in Chief is not an official that is charged with the enforcement of the

law.

Lastly, the government argues in its response that Mr. Sturgeon's reliance on

President Trump's authorization would be "objectively unreasonable." *See* Gov. Res.

at 9-10. However, the government is not the factfinder and this question is solely in

the province of the jury. *See Barker*, 546 F.2d at 955 (first three requirements of

defense are issues of fact with fourth being an issue of law). Mr. Sturgeon has not

yet put on evidence to prove why his belief was objectively unreasonable and so the

government's attempt of foreshadowing such evidence should be rejected. A

defendant is entitled to a jury instruction on "any recognized affirmative defense if

there is sufficient evidence from which a reasonable jury could find for the

defendant on that theory." *Nwoye*, 663 F.3d at 462. This evidence would be

presented at trial and at the close of evidence, the Court would make a finding to

determine if there is sufficient evidence. The government is prematurely asking the

Court to preclude this defense without hearing the actual evidence at a trial. This

request should be rejected at this time. *See United States v. Boutte*, 2019 WL

10

4261745 *2 (D. New Mexico September 9, 2019) (denying government motion to exclude public authority defense as premature because the Court must hear evidence at trial).

## II.   At a Minimum, the President had the Apparent Authority to Permit Mr. Sturgeon to enter onto Capitol Grounds

The government mistakenly asserts that in order for Mr. Sturgeon to present the public authority defense, the President must have had actual authority rather than apparent authority. As an initial matter – the language in Fed. R. Crim. Proc. 12.3 allows for a defense of actual *or believed* exercise of public authority at a trial. So the statute allowing for the defense itself does not place a limitation that the official must have *actual* authority. Furthermore, there is nothing in the Court's reasoning in *Barker* that would suggest this limitation and in fact when applying the factors to the facts in *Barker* the Court noted that "a jury may well find that John Ehrlichman, then Assistant to the President for Domestic Affairs, expressed or implied that the break-in….was legal under a national security rationale." *Barker*, 546 F.2d at 957. This reasoning suggests that the jury must only find that it would plausible to believe that Ehrlichman had the authority to authorize the break-in. Again, the government's reliance on *North* for this position is insufficient because *North* is not controlling law in this district and so the Court should follow *Barker*, which sets forth the standard in a very detailed opinion.

Other circuits have also refused to place such a limitation on the public authority defense. *See United States v. Reyes-Vasquez*, 905 F.2d 1497, 1500 n. 5 (11th Cir. 1990) (a public authority defense applies when a defendant alleges that

his actions were taken under color of public authority); *See also United States v. Xiong*, 914 F.3d 1154, 1160 (8th Cir. 2019) (discussing the fact that this distinction has not been settled in the district); *See also United States v. Baker*, 438 F.3d 749, 753-54 (7th Cir. 2006) (same) (but also acknowledging that Rule 12.3 itself allows for apparent authority).

The Ninth Circuit, however, has affirmatively adopted the view that apparent authority is all that is required as long as the "defendant reasonably believed that a government agent authorized [her] to engage in illegal acts." *United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006). Not only has the Ninth Circuit adopted this standard but it has also ruled that it was plain error for a district court to not sua sponte give the public authority instruction even when the defendant did not request it. *Id.* ("when a defendant actually presents and relies upon a theory of defense at trial, the judge must instruct on that theory even where such instruction was not requested").

Therefore, it is beyond reasonable that Mr. Sturgeon would believe that the President had the authority to grant permission to enter onto Capitol Grounds.

### III.   Entrapment by Estoppel is Just Another Form of the Public Authority Defense And Should Not Be Precluded

Even if the Court finds that actual authority is required and that former President Trump did not possess such authority – actual authority is not required when presenting the defense of Entrapment by Estoppel. *See Baker*, 438 F.3d at 755-57 (entrapment by estoppel requires "the defendant to show his reliance on the alleged misrepresentations was reasonable and in good faith" and must show

12

[agent] was clothed with apparent authority); *See also ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988) (available claim or defense against a party who has detrimentally relied on litigant's conduct). Other circuits have simply called "entrapment by estoppel" the *second form* of the public authority defense requiring a showing that "the government, by its own actions, induced the defendant to do those acts and led him to rely on his belief that his actions would be lawful by reason of the government's seeming authorization." *See United States v. Thomas*, 214 F. Supp. 3d 187, 192 (E.D. New York October 7, 2016) (quoting *United States v. Giffen*, 473 F.3d 30, 41 (2d Cir. 2006). (emphasis added). *See also United States v. Neville*, 82 F.3d 750, 761 (7th Cir. 1996) (noting that "public authority" is sometimes called "entrapment by estoppel.").

The Supreme Court established the important principles leading to the creation of this defense. For example, in *Raley v. Ohio*, 360 U.S. 423, 424-426 (1959), the Supreme Court held that the Due Process Clause prevented convictions of persons who relied upon either *express or implied* assurances from state authorities to act a certain way because upholding such a conviction "would be to sanction an indefensible sort of entrapment of the State." (emphasis added). The Supreme Court later applied *Raley* to reverse a conviction where the defendant was convicted for demonstrating near a courthouse after receiving authorization to do so from officials. *Cox v. State of La.*, 379 U.S. 559 (1965).

Mr. Sturgeon may present this defense to the jury as long as the defendant has shown "some foundation in proof" to assert it. *Thomas*, 214 F. Supp. 3d at 192

(finding the defendant could present the defense when defendant pointed to evidence that he was permitted to possess drugs as part of his duties as a government informant). Similarly, Mr. Sturgeon has pointed to ample evidence that the President of the United States told him and thousands of people to march to the Capitol. This speech was documented and was public and cannot be disputed. This evidence is more than sufficient for Mr. Sturgeon to be able to present this defense at trial.

Lastly, the government takes the simplistic and unfounded view that President Trump must have expressly "purported to interpret the scope of the statutes Sturgeon is charged with violating." *See* Gov. Res. at 8. The public authority/entrapment by estoppel defense requires no such thing and only requires that the defendant was "misled about the state of the law." *Cox*, 906 F.3d at 1991 (first factor of entrapment by estoppel defense). The misleading can be implied and does not need to be express as stated by the D.C. Circuit. *Barker*, 546 F.2d at 957. The first element of the defense does not require that an official must actually explain the state of the law while giving permission to act. Such a requirement would create an absurd result and would ignore the realistic ways that people are misled into reasonably believing they are permitted to act a certain way. When the President of the United States of America tells someone that they *should* go to the Capitol building that is implying the action would legal to go because the President has authorized it himself. To add an imaginary requirement that he must also say, "this action is legal under the law," is contrary to the principles of detrimental

14

reliance and the reason the defense was created to begin with.

## IV.   The Court need not determine the viability of this defense until completion of the presentation of evidence at trial

As discussed briefly above, the Court should hear presentation of the

evidence at trial before determining whether or not to grant the defense's request

for a jury instruction.

In *United States v. Alvarado*, 808 F.3d 474, 485 (11th Cir. 2015), the Court

clearly gave the defendant a chance to present the requisite evidence to meet the

elements of the public authority defense at trial before it refused to give the jury the

instruction:

> As noted, at the hearing before the magistrate judge concerning
> whether Defendant would be permitted to present a public authority
> defense, Defendant failed to present any evidence to qualify him for
> this defense. *At trial, he had a second chance to make his case for a
> public authority defense when he testified in his own behalf. The
> district court concluded, however, that Defendant had still failed to
> provide an evidentiary foundation for the defense.* Accordingly, the
> court declined to instruct the jury to consider a public authority
> defense, but did instruct the jury to consider whether Defendant acted
> with an "innocent intent."

*Alvarado*, 808, F.3d at 483.[3] (emphasis added). This Eleventh Circuit decision

supports Mr. Sturgeon's position that he should be permitted to present evidence at

trial to show that he meets the elements of the public authority defense.

Furthermore, given the fact that this evidence is admissible to negate intent,

there really is no harm in waiting until the close of evidence to make this

---

[3] The district court in *Alvarado* did, however, give the jury an instruction on the "innocent intent" defense, allowing the same type of evidence to support the defense theory that he did not have the requisite *mens rea*. *Id.* at 487.

determination. Mr. Sturgeon will agree not to assert the actual defense in opening statement and through cross-examination. *See Cheek v. U.S.,* 498 U.S. 192 (1991) ("forbidding a jury to consider evidence that might negate willfillness would raise a serious question under the Sixth Amendment"). *See also United States v. Ruiz,* 59 F.3d 1151, 1154 (11th Cir. 1995) (Eleventh Circuit has acknowledged that criminal intent may be negated by defendant's honest but mistaken belief that government authorized conduct); *United States v. Juan,* 776 F.2d 256 (11th Cir. 1985) (same).

Notably, there is another D.C. District Court who has made it clear that it would not exclude all evidence of reliance on former President Trump's authorization as it would be unduly prejudicial under Federal Rule of Evidence 403. *See United States v. Thompson,* Crim No. 21-cr-161 (RBW) (D.D.C. Mar. 23, 2022), ECF No. 39 at 2.

## Conclusion

For the above reasons, the Court should reject the government's attempt to prevent Mr. Sturgeon from presenting a viable defense that he is entitled to present at his trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC
DEFENDER

_____/s/_____

Maria N. Jacob
Assistant Federal Public
Defender

16

625 Indiana Ave., N.W., Suite
550
Washington, D.C.  20004
(202) 208-7500