## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-91 (RCL)** |
| | ) | |
| **ISAAC STURGEON,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENSE MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE AT TRIAL

Mr. Sturgeon, through counsel, moves the Court to preclude the government from introducing two irrelevant and prejudicial compilation videos[1] as such evidence is not relevant and thus inadmissible under Federal Rules of Evidence 401 and 402. Even if the Court deems any of this evidence relevant, such evidence should nonetheless be excluded under Rule 403 because any probative value is outweighed by a significant danger of unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence.

**Background**

---

[1] Defense counsel will share these videos with the Court although it is probable the Court has already seen such videos.

1

In mostly every January 6 trial held thus far, the government has been introducing (1) a 22 minute video montage capturing surveillance of thousands of other individuals on the Capitol Grounds and inside the Capitol building on January 6, 2021 (or some broken up version of it), as well as a (2) House and Senate Compilation video showing what was occurring inside the Senate and House Chambers during the Electoral Count through the time period that Congress members were evacuated.

First, the 22 minute video montage highlights many of the key breaches that occurred that day, highlighting violence and activities that Mr. Sturgeon was not involved in. In fact, Mr. Sturgeon never makes an appearance in either of these videos. Most notably, much of this video portrays activities that occurred inside the Capitol building – a place that Mr. Sturgeon never entered. This compilation shows the activities of other individuals connected to the events on January 6, 2021, and is unrelated to Mr. Sturgeon's charges.

Next, the government has been introducing a House and Senate Compilation video that is approximately 9 minutes long and portrays the timeline of the activities that transpired while the House and Senate were in session on January 6, 2021. The video also shows the faces of scared Congress members when they heard rioters bang on the outside doors and then proceeded to evacuate.

Most of what occurred on January 6, 2021, is not in dispute by the parties. What is in dispute is the specific intent of the defendants in the midst of what was occurring. For that reason, these overview videos are more prejudicial than

2

probative. They are also irrelevant and a waste of time – especially given the fact that the defendants are proceeding with a trial by judge rather than a trial by jury.

## Legal Standard

Rule 401 mandates that evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and, the fact is of consequence in determining the action." Fed. Rule. Evid. 401. Irrelevant evidence is not admissible. Fed. Rule. Evid. 402.

Rule 403 prohibits evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading …" Fed. Rule. Evid. 403.  "Unfair prejudice" results when some potentially relevant evidence is designed to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997).  It is well established that a court should "weigh the probative value of evidence in light of appropriate evidentiary alternatives." *Id*. at 182-185; *See also Henderson v. George Washington University*, 449 F.3d 127, 137 (D.C.Cir. 2006) ("The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact of other, non-prejudicial evidence").

## Argument

### I.   The Government's Montage Exhibits Are Not Relevant

The government's anticipated compilation videos portray individuals who are not Mr. Sturgeon engage in activities that Mr. Sturgeon did not. This video does not

make any fact more or less probable and does not determine any fact of consequence with regards to Mr. Sturgeon specifically. The video montage begins at 12:51 p.m., when Mr. Sturgeon was nowhere near the Capitol Grounds. The video then takes the observer through the main breaches of that day at various parts of the building, areas that Mr. Sturgeon never walked through.[2]

Under the relevancy test of Rule 401, "there is no such thing as 'highly relevant' evidence or...'marginally relevant' evidence. Evidence is either relevant or it is not." *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993). The initial step in determining relevancy is "to identify the matter properly provable....and discovery to what proposition it is supposed to be relevant" *Id.* (citing *Probability and the Law*, 29 CAL. L. REV. 689, 696 n. 15 (1941)). With this guidance, the only proposition the video compilations prove is that thousands of people other than Mr. Sturgeon violently broke into the Capitol Building on January 6, 2021 and breached many police lines. However, that fact does not make it more or less probable that Mr. Sturgeon himself did those things because he is never featured in these videos. Notably, the parties have anticipated stipulating to the fact that what occurred on January 6, 2021, was a civil disorder in that the actions of rioters did interfere with officer duties. The parties are also not disputing that (1) the joint session had to come to a halt, and that (2) members of Congress were evacuated. Therefore, there

---

[2] The parties have conferred and the government advised it may only introduce a video called the "West Breach Time Lapse," which if introduced, Mr. Sturgeon would likely have no objection as long as the government does not introduce the other breach montage exhibit discussed above.

is no justifiable reason why the government needs to show all of the separate civil disorders that occurred as well as the specific details and images occurring when Congress was evacuated. These videos are just not relevant for Mr. Sturgeon's trial and should be excluded under Rule 402. In addition, the Court has likely already seen these videos multiple times and playing them again would be a waste of time and would not lead to the efficient presentation of evidence in a bench trial.

Lastly, courts have found this type of "background" information inadmissible when it is not relevant for any other purpose.  In *United States v. Evans*, 216 F.3d 80, 87 (D.C. Cir. 2000), the government also tried to offer "background" testimony to give a complete picture of the events.  However, the court explained that "no matter how important it is for the government to present a complete, morally compelling narrative, it must present that narrative through admissible evidence…." *Id*. at 86. {put in blurb about opinion testimony with the overview witness}

## II.     Admission of these Compilation Videos Violates Rule 403 in Light of Appropriate Evidentiary Alternatives

The video montages are not only unfairly prejudicial, they will also undoubtedly confuse the issues and lead to cumulative evidence. Firstly, the admission of these videos would be highly prejudicial given its graphic nature – placing focus on the violence that occurred that day. The only purpose this evidence serves is to inflame the fact-finder by stirring up their emotions regarding the overall severity of what happened that day. Much of this violence that was portrayed in the videos are separate and apart from the accusations in this case. For example, part of the video shows the violent Rotunda breach that resulted in

many police officer injuries. Admission of such evidence has no probative value to prove what Mr. Sturgeon was doing at a completely different location.

"Evidence is unfairly prejudicial if it 'makes a conviction more likely because it provokes an emotional response in the [fact-finder] or otherwise tends to affect adversely the [fact-finder]'s attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996) (citations and inner quotations marks omitted). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief,* 519 U.S. 172 at 180. Undoubtedly, the video montages the government wishes to introduce will invoke an emotional response and lure the fact-finder into declaring guilty separate from Mr. Sturgeon's actions that day, regardless of any arguments he makes.

Most importantly, there are evidentiary alternatives available to the government that tips the balance in favor of excluding this prejudicial evidence. The *Old Chief* court set forth a methodology in balancing Rule 403 by explaining:

> The court would decide whether a particular item of evidence raised a danger of unfair prejudice. If it did, the judge would go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well. *If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it* if its discounted probative value were substantially outweighed by unfairly prejudicial risk.

6

*Id.* at 182-183. (emphasis added). The government can simply introduce other video surveillance of just Mr. Sturgeon's alleged actions and it has no need to introduce any evidence of other defendants or individuals. The government can also agree to a stipulation as discussed above. Admission of this narrowly tailored evidence will protect Mr. Sturgeon's right to a fair trial, prevent confusion, and will prevent the presentation of cumulative evidence. This approach will also ensure an efficient trial eliminating presentation of evidence that the Court has already seen multiple times.

## Conclusion

For the foregoing reasons, the Court should preclude the government from introducing irrelevant and prejudicial evidence at Mr. Sturgeon's trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC
DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public
Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500