UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>            v.            )<br>)<br>**ISAAC STURGEON,** )<br>)<br>            **Defendant**      )<br>_____ ) | No. 21-cr-91 (RCL) |

**DEFENSE RESPONSE TO GOVERNMENT MOTION IN LIMINE
REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS**

Mr. Sturgeon, through counsel, submits this response to the government's Motion in Limine. ECF No. 137 ("Gov. Mot.").[1]

---

[1] Undersigned counsel has conferred with counsel for Mr. Bingert, who requests to join in this response.

1

## ARGUMENT

The government seeks a ruling that would preclude evidence concerning "the protocols of the U.S. Secret Service ("USSS")." Specifically, the government seeks to limit the defense's cross examination of their Secret Service witness to questioning the agent solely about his/her duty to protect the Vice President and his family. Gov. Mot. at 2. The government seeks to exclude, however, testimony about USSS protocols related to "the locations where protectees or their motorcades are taken at the Capitol or other government buildings…..and details about the nature of USSS protective details." *Id.*

It is somewhat unclear exactly what relief the government seeks but to the extent that it seeks to preclude any information about the location of former Vice President Pence on January 6, 2021, its request should be denied as it was previously denied by the court in *U.S. v. Griffin*, 21-cr-92 (TNM), ECF No. 92. In *Griffin*, the government sought a similar exclusion and the court ruled that the defense was permitted to probe the USSS witness as to the location of Mike Pence and that any security related concern by the government did not override the defendant's Sixth Amendment rights. *Id.* (citing *United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness is to the government's case, the more important the defendant's right….to cross-examine the witness)). *See also U.S. v. Thomas Webster*, 21-cr-208 (APM), ECF No. 75 (court also allowing defense to cross-examine USSS about location of former Vice President at the times

relevant to the defendant's charges).

As the court in *Griffin* explained, this information is directly relevant to whether or not the defendant was entering or remaining in a restricted area where the Vice President was temporarily visiting. An attempt to preclude cross-examination on that point would violate Mr. Sturgeon's Sixth Amendment right to confront the witnesses against him.

As to the other government requests to preclude questioning on (1) other buildings where emergencies occur - where the motorcades are taken in those situations, and (2) details about the number and types of agents the Secret service assigns to protectees – Mr. Sturgeon does not anticipate questions of this nature. However, if it becomes relevant based on the government's presentation of evidence, the defense will advise the Court in advance.

## Conclusion

For the foregoing reasons, the Court should partially deny the government's motion in accordance with the above arguments.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC
DEFENDER

_____/s/_____
Maria N. Jacob
Ned Smock
Assistant Federal Public
Defenders
625 Indiana Ave., N.W., Suite 550

3

Washington, D.C.  20004
(202) 208-7500