IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-91 (RCL) |
| : | |
| CRAIG MICHAEL BINGERT, and : | |
| ISAAC STEVE STURGEON, : | |
| : | |
| Defendants. : | |

GOVERNMENT'S RESPONSES IN
OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Responses in Opposition to Defendants' Motions *in limine*. Defendant Bingert moved *in limine* to prevent the government from using certain terms, including "rioters," "breach," "confrontation," "anti-government extremism," "insurrectionists," and "mob." Dkt. Entry 132. The Court should deny this motion, as set out below, because: (1) these terms are not inadmissible hearsay; (2) the government does not intend to elicit testimony that either defendant is an "anti-government extremist"; and (3) any risk of prejudice will be particularly low should the case proceed as a bench trial, as the defendants have requested. The Court should allow the government to use these terms during argument and when questioning its witnesses.

Defendant Sturgeon also moved *in limine* to preclude two video montages depicting: (1) the timeline of the riot and (2) the timeline of the certification proceeding. Dkt. Entry 133. Defendant Bingert moved to join this motion. Dkt. Entry 134. As set out below, these videos are relevant and necessary evidence and again, any risk of prejudice will be minimal should the case proceed as a bench trial.

1

I. **Government's Response to Motion *in limine* to Preclude the Use of Certain Terms**

The Court should deny defendant Bingert's motion *in limine* because: (1) the descriptive terms called out by the defendant are not hearsay when said in videos or testimony; and (2) the government does not intend to elicit opinion testimony that either defendant is an "anti-government extremist." Additionally, the government should be permitted to use the described terms during its addresses to the Court and during the questioning of witnesses.

   a. **The Descriptive Terms Outlined by the Defense are Not Inadmissible Hearsay.**

Defendant Bingert first argues that the terms "rioters approach," "breach," "confrontation," "police line," etc. as included in videos or other evidence are inadmissible hearsay and barred by the Sixth Amendment's Confrontation Clause. Bingert is simply wrong. Bingert fails to give any specific examples of the use of these terms within the government's evidence so it is impossible to assess whether the terms are, in fact, hearsay under the circumstances, as the analysis frequently depends on the speaker and circumstances of the statement. However, putting that aside, statements by law enforcement on January 6, for example, that a specific barricade or police line was "breached" – if offered for the truth of the matter asserted - falls into at least two hearsay exceptions, including present sense impression under Fed. R. Evid. 803(1) and excited utterance under Fed. R. Evid. 803(2).

Bingert also asserts that these terms are barred by the Confrontation Clause because they are "testimonial." But Bingert does not even define what that term means or how these descriptors qualify under the circumstances. The Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004) defined testimonial statements to include, "*ex parte* in-court testimony or its functional equivalent … extrajudicial statements contained in formalized testimonial materials … [and]

2

statements that were made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a trial." (internal citations omitted). Relevant here, the Supreme Court clarified its definition in *Davis v. Washington* and *Hammon v. Virginia*, 547 U.S. 813 (2006), and held that a 911 call that took place during an ongoing domestic violence incident was not testimonial because the statement was "not ordinarily designed primarily to 'establish or prove' some past fact, but to describe current circumstances requiring police assistance." (internal citations omitted). Again, it is difficult to know exactly what statements Bingert is seeking to preclude but statements in government videos by law enforcement on January 6 that a police line had been breached were clearly made "to describe current circumstances requiring police assistance" and are therefore, non-testimonial.

Lastly, any in-court testimony that a "breach" occurred or that there was "confrontation" at the "police line" etc. is clearly not hearsay because it is not an out-of-court statement.

### b. The Government Does Not Intend to Elicit Testimony that Bingert or Sturgeon is an "Anti-Government Extremist."

The Court should deny the second part of Bingert's motion *in limine* as moot because the government does not intend to elicit lay person testimony that Bingert or Sturgeon is an "anti-government extremist."

### c. The Government Should Not be Precluded from Using the Descriptive Terms in its Arguments and During Questioning of Its Witnesses.

The government asks the Court to issue a pretrial ruling that the government is not precluded from using terms like "riot," "mob," and "insurrection" during its argument and examinations of its witnesses in this case. The government should not be required to dilute its language and step gingerly around the defendants' crimes. Contrary to Bingert's claims, what took place on January 6, 2021, was, in fact, a riot involving rioters, and an attack on the United States

Capitol, the government of the United States, and American democracy. Many members of this Court have held that these descriptors are accurate and that the government may use them during trials in January 6 cases. *See e.g.*, *United States v. Chwiesiuk*, No. 21-CR-536 (CKK), 2023 WL 3002493, at *1 (D.D.C. April 19, 2023) (denying motion *in limine* to preclude use of the term "insurrection" and "insurrectionist" during jury trial); *United States v. Rhine*, No. 21-CR-687 (RC), 2023 WL 2072450, at *8 (D.D.C. Feb. 17, 2023) (allowing the government to use the terms "riot" and "mob" during jury trial but requiring a specific showing that the term "insurrection" is an accurate description before use at trial); *United States v. Sara Carpenter*, No. 21-CR-305 (JEB), 2023 WL 1860978, at *4 (D.D.C. February 9, 2023). Furthermore, each of these rulings denying the defendants' motions *in limine* were in the context of jury trials. The risk of prejudice from the use of any of these terms is arguably much lower in the context of a bench trial, which the defendants have requested here. Thus, the government should not be precluded from using the terms "riot," "mob" and "insurrection" during its argument and the questioning of its witnesses at trial.

**II.  Government's Response to Sturgeon's Motion *in limine* to Preclude Introduction of Montage Videos.**

Defendant Sturgeon seeks to preclude two videos at trial: (1) a 22-minute video montage of Capitol Grounds and the Capitol Building; and (2) a video of the House and Senate Chambers on January 6, 2021.  Defendant Bingert joins the motion.

As to the first video, the Government does not intend to introduce the 22-minute video montage in its case-in-chief, so the motion should be denied as moot.

The second video, a montage of video from the House and Senate Chambers on January 6, 2021 (marked as Government Exhibit 501), should be admitted as it is relevant evidence pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 402, and the probative value is not substantially outweighed

4

by the danger of unfair prejudice, Fed. R. Evid. 403. The video, which is approximately 9 minutes long, shows a timeline of footage from the House and Senate Chambers proceedings to certify the Electoral College vote on January 6, 2021. The montage efficiently compiles information that would otherwise be voluminous and time consuming—including raw CSPAN footage and the Congressional record. Contrary to defendant's assertions, the footage is relevant evidence because it shows the "official proceeding" that the defendants are charged with obstructing, attempting to obstruct, and aiding and abetting in Count One (18 U.S.C. §§ 1512(c)(2), 2). It also shows the timeline of when Congress was forced to adjourn and evacuate due to the riot. This video has previously been admitted in numerous trials of defendants charged with 18 U.S.C. §§ 1512(c)(2)—including in trials in front of this Court—and should likewise be admitted here. Indeed, with the Court as factfinder, any risk of unfair prejudice will be minimal.

**CONCLUSION**

For the reasons set forth herein, the United States respectfully requests that the Court deny the defendants' motions *in limine*.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            D.C. Bar No. 481052

By:    */s/ Kaitlin Klamann*
           KAITLIN KLAMANN
           Assistant United States Attorney
           601 D Street NW
           Washington, D.C. 20530
           IL Bar No. 6316768
           (202) 252-6778
           Kaitlin.klamann@usdoj.gov

By:    */s/ Courtney A. Howard*
           COURTNEY A. HOWARD
           Trial Attorney, Criminal Division
           Detailed to the U.S. Attorney's Office
           601 D Street NW
           Washington, D.C. 20001
           NY Bar No. 4513909
           202-514-3130
           Courtney.Howard2@usdoj.gov