UNITED STATES DISTRICTCOURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | No. 21-091 (RCL) |
| ) | |
| ISAAC STEVE STURGEON, ) | |
| ) | |
| Defendant.    ) | |
| ) | |

## MOTION TO CONTINUE TRIAL BASED ON LATE *BRADY* DISCLOSURE

As an initial matter, Mr. Sturgeon believes dismissal of this case is appropriate and warranted as outlined in Defendant's Motion to Dismiss filed on May 9, 2023. See ECF No. 149. However, if the Court does not grant the defendant's motion, it should at a minimum grant a continuance of this trial to afford defendants the opportunity to further investigate this new information.

### BACKGROUND

On August 9, 2022, the Court set a jury trial for May 15, 2023, and set motion deadlines. The parties filed several motions, including a motion to compel discovery filed in October of 2022 by Mr. Sturgeon. In that motion to compel, Mr. Sturgeon requested several items, including any information about law enforcement communicating that the Capitol grounds was restricted and any information about law enforcement encouraging the crowd. Since October, the government has insisted it did not have this information until May 8, 2023, a week

1

before the scheduled trial in this matter. Notably, Mr. Sturgeon has already filed two motions to continue trial in which he stated that he needs more time to review the terabytes of information the government has provided without actually identifying favorable information for the defense. Mr. Sturgeon also noted that at the time, there was an unresolved motion to compel discovery based upon a belief that there was outstanding discovery yet to be produced.

At the same time that these motions to continue were denied, the government was aware of the existence of exculpatory information. Also notably, after these motions to continue were denied, the government continued to produce new evidence to the defense – including several body worn camera videos depicting events that were previously unknown to the defense.

## ARGUMENT

Mr. Sturgeon, at a minimum, is entitled to have counsel who is adequately prepared for trial. These late disclosures make it impossible for counsel to be ready for trial. Firstly, the government has simply identified the existence of these items and so the defense must now expend much effort to search, download and review this evidence. Secondly, the defense must review any reports written by these officers and will need to investigate issues including where each of these plainclothes officers were on Capitol grounds throughout the day on January 6 and the actions of all plainclothes officers, including the extent to which those officers participated in chanting and encouraging others in the crowd to engage in unlawful activity.  Lastly, the government acknowledged that a report is

forthcoming on the nature of these government activities. Undersigned counsel would be ineffective at trial without fully understanding the nature of this new evidence and obtaining the report that will shed further light on these shocking activities.

For these reasons, a continuance is necessary at a minimum. Mr. Sturgeon maintains, however, that the government has placed itself in a position where dismissal is the appropriate remedy given the prejudice that has resulted to the defendants by this blatant failure to abide by important discovery obligations.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

        /s/
        _____

        Maria N. Jacob
        Edward Smock
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500