IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-91 (RCL) |
| : | |
| CRAIG MICHAEL BINGERT, and : | |
| ISAAC STEVE STURGEON, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO REQUIRE A PROFFER AS TO RELEVANCE OF CAPITOL POLICE OFFICER TESTIMONY AND TO BAR EVIDENCE RELATING TO A PUBLIC AUTHORITY DEFENSE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Reply in Support of Its Motion *in limine* to require a proffer as to relevance of Capitol Police officer testimony and to bar evidence relating to a public authority defense.

For the reasons set out in its Response in Opposition to Defendants' Notice of Public Authority Defense (Dkt. Entry 96) and its motion *in limine* (Dkt. Entry 138), the government maintains its position that evidence relating to a public authority defense and estoppel by entrapment should be barred at trial. Bingert's response to the government's motion does not provide any additional clarity regarding his bases for pursuing these defenses – i.e. he does not identify the anticipated subjects of the testimony of the five Capitol Police officers he has subpoenaed or for that matter, any specific alleged action or inaction by *any* member of law enforcement on January 6 that Bingert perceived or was in close proximity to. Bingert also does not address at all the government's argument relating to permits issued by the U.S. Capitol Police, making it entirely unclear if they intend to pursue such a defense here.

1

Bingert cites two cases as support for his claim that this evidence is relevant and admissible: *United States v. Carpenter*, No. 21-CR-305 (JEB), 2023 WL 1860978 (Feb. 9, 2023); and *United States v. Rhine*, No. 21-CR-0687 (RC), 2023 WL 2072450. In *Carpenter*, Chief Judge Boasberg granted the government's motion to exclude a public authority defense based on statements by former President Trump. *Carpenter*, 2023 WL 1860978, at *2 (Feb. 9, 2023). Chief Judge Boasberg reserved ruling on the motion with respect to the law enforcement inaction defense. *Id.* In *Rhine*, Judge Contreras allowed evidence of law enforcement action/inaction "only to the extent that Defendant was aware of it or reasonably could have perceived it, or that it occurred in close proximity to the locations where Defendant is alleged to have entered or been in the Capitol before he was there such that it reasonably bears on whether the area was restricted." *Rhine*, 2023 WL 2072450, at *10 (D.D.C. Feb. 17, 2023). At this time, despite an opportunity to respond in writing to the government's motion *in limine*, the defendants have still not provided any evidence that they perceived or were in close proximity to law enforcement action or inaction.

Given the lack of any proffer of relevant evidence relating to a public authority or estoppel by entrapment defense, the government asks the Court to preclude testimony from the five subpoenaed United States Capitol Police officers on these subjects.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:   */s/ Kaitlin Klamann*
    KAITLIN KLAMANN
    Assistant United States Attorney
    601 D Street NW
    Washington, D.C. 20530
    IL Bar No. 6316768
    (202) 252-6778
    Kaitlin.klamann@usdoj.gov

3

By:    */s/ Courtney A. Howard*
       COURTNEY A. HOWARD
       Trial Attorney, Criminal Division
       Detailed to the U.S. Attorney's Office
       601 D Street NW
       Washington, D.C. 20001
       NY Bar No. 4513909
       202-514-3130
       Courtney.Howard2@usdoj.gov