**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **United States of America**, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 21-91 (RCL)** |
| **ISAAC STURGEON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENSE TRIAL BRIEF**

Mr. Sturgeon, through counsel, respectfully submits the following trial brief in advance of trial currently scheduled for May 15, 2023, in order to address certain legal instructions counsel submits are applicable to Mr. Sturgeon's charges.

As a brief overview, Mr. Sturgeon is charged with Eight Counts based on a superseding indictment (ECF No. 53) alleging that he violated (1) 18 U.S.C. §1512(c)(2) and 2, (2) 18 U.S.C. §111(a)(1), (3) 18 U.S.C. §231(a)(3), (4) 18 U.S.C. §1752(a)(1), (5) 18 U.S.C. §1752 (a)(2), (6) 18 U.S.C. §1752(a)(4), (7) 40 U.S.C. §5104(e)(2)(E), and (8) 40 U.S.C. §5104(e)(2)(F).

**I.    _Count One_ - 18 U.S.C. §1512(c)(2) and 2: Obstruction of an Official Proceeding**

The Court may not convict Mr. Sturgeon of Count One unless it finds that the government proved beyond a reasonable doubt each of the following elements:

> **First**: that the defendant attempted to and did obstruct or impede any official proceeding;
>
> **Second:** that the defendant intended to obstruct or impede the official proceeding;

**Third**: that the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding, and;

**Fourth:** that the defendant acted corruptly.[1]

## Definitions

The term "official proceeding" is a formal hearing before a tribunal.[2] The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of the conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must act with the intent to procure an unlawful benefit either for himself or for some other person. The defendant must not only know he was obtaining an unlawful benefit, it must also be his objective or purpose. That benefit may be unlawful either because the benefit itself is not allowed by law, or because it was obtained by unlawful means. The defendant must

---

[1] *See United States v. Guy Reffitt*, 21-cr-32 (DLF), Final Jury Instructions, ECF No. 119 at 25; *United States v. Thomas Robertson*, 21-cr-34 (CRC), Final Jury Instructions, ECF No. 86 at 12-13

[2] *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013). Defense counsel acknowledges that this meaning was not accepted by several judges in this court in opinions issued in response to motions to dismiss this charge. However, in *United States v. Sandlin*, 21-cr-088 (DLF), ECF No. 63 at 7, the court did agree that "official proceeding" is one that must be akin to a formal hearing.

engage in independently unlawful means – meaning the obstructive action must be independently unlawful.[3]

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[4]

The word "attempt" in the first element means that the defendant had the intent to do the act and took a substantial step towards completing it. In connection with that, it would not be enough to show merely that the defendant thought about it. The Court must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If you find either that defendant knowingly

---

[3] *See United States v. Fischer*, No. 22-3038, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023) (Walker, J. concurrence). In *Fischer*, Judge Walker concurred in the opinion contingent upon his definition of "corruptly" holding firm – explaining that this definition was the only way that this statute could remain constitutional. Judge Pan, who wrote the lead opinion, also recognized this definition but did not ultimately decide the issue given the fact that it was not squarely before the Court. However, because the concurrence is conditional upon this definition, it is currently the controlling law on the matter.

[4] *Reffitt*, ECF No. 119 at 25-26.

committed the act or attempted to commit it, the first element is satisfied.[5]

### **Aiding and Abetting**[6]

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleged that Mr. Sturgeon aided and abetted others in committing Obstruction of an Official Proceeding as charged in the indictment. The Court may not find Mr. Sturgeon guilty of obstruction of an official proceeding because he aided and abetted the commission of this offense, unless it finds that the government proved beyond a reasonable doubt each of the following four requirements:

> **First:** that others committed the offense charged by committing each of the elements of the offense charged.
>
> **Second:** that Mr. Sturgeon had advance knowledge that the offense charged was going to be committed or was being committed by others.[7]
>
> **Third:** That Mr. Sturgeon knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense;

---

[5] *United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29.

[6] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02; *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29-31; *United States v. Hale-Cusanelli*, 21-cr-37 (TNM), Final Jury Instructions, ECF No. 84 at 29-30.

[7] *See Rosemond v. United States*, 572 U.S. 65, 81-82 (2014) ("The District Court erred…because it did not explain that Rosemond needed advance knowledge of a firearm's presence.").

**Fourth:** That Mr. Sturgeon performed an act in furtherance of the offense charged.

In deciding whether Mr. Sturgeon had the required knowledge and intent to satisfy the third requirement for aiding and abetting, the Court may consider both direct and circumstantial evidence including Mr. Sturgeon's words and actions and other facts and circumstances. However, evidence that Mr. Sturgeon merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for the Court to find him guilty as an aider and abetter. If the evidence shows that Mr. Sturgeon knew the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Mr. Sturgeon's intent and purpose to aid, assist, encourage, facilitate or otherwise associate himself with the offense, the Court may not find him guilty of the offense as an aider and abetter. The government must prove beyond a reasonable doubt that Mr. Sturgeon in some way participated in the offense committed by others as something Mr. Sturgeon wished to bring about and to make succeed.

## II.    *Count Two* - 18 U.S.C. §111(a)(1), (3): Assaulting, Resisting, or Impeding Certain Officers

The government has charged Mr. Sturgeon with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with, an officer and employee of the United States, and any person assisting such an officer, while such person was engaged in and on account of the performance of official duties. The government also charges that this offense involved physical contact with the victim and was

done with the intent to commit another felony.

The Court may not convict Mr. Sturgeon of Count Two unless it finds that the government proved beyond a reasonable doubt each of the following elements.

**First:** that the defendant forcibly assaulted, resisted, opposed, impeded, intimated, or interfered with the officer.

**Second:** that the defendant did such acts voluntarily and intentionally.

**Third:** that the person the defendant assaulted, resisted, opposed, impeded, intimated, or interfered with, was an officer or employee of the United States or of any agency in any branch of the United States government.

**Fourth:** that the officer was engaged in or on account of the performance of his official duties when the defendant acted.

**Fifth:** that the defendant made physical contact with the alleged victim, or that the defendant acted with the intent to commit another felony.[8]

## Definitions

A person acts "forcibly" if he uses force, attempts to use force, or threatens to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that a defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) is not the same as a finding that the defendant attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," the Court must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended

---

[8] *See United States v. GossJankowsi*, 21-cr-123 (PLF), Final Jury Instructions

to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday ordinary meanings. However, all of these acts are modified by the word "forcibly." Thus, the Court may not find the defendant guilty unless the government proves beyond a reasonable doubt that he acted forcibly.

### III.   *Count Three* - 18 U.S.C. §231(a)(3): Civil Disorder

In Count Three, the government alleges that Mr. Sturgeon committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

The Court may not find Mr. Sturgeon guilty of this offense unless it finds that the government proved each of the following elements beyond a reasonable doubt:

> **First**: that the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

> **Second:** that at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

> **Third:** that the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

> In order to find the defendant guilty of this offense, the Court must agree on

at least one specific officer who was the intended victim of the defendant's acts of obstruction, impediment, or interference.[9]

## **Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, the Court may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

## **Attempt**

In Count Three, Mr. Sturgeon is also charged with attempt to commit the crime of Civil Disorder. The Court may not find him guilty of attempt to commit

---

[9] *See Id.*

Civil Disorder unless the government proves beyond a reasonable doubt each of the following elements:

>**First**: that the defendant intended to commit the crime of obstructing officers during a civil disorder.

>**Second:** that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element, the Court may not find a defendant guilty of attempt merely because he thought about it. The Court must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, the Court may not find a defendant guilty of attempt merely because he made some plans to or some preparation for committing that crime. Instead, the Court must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of officers during a civil disorder.

### IV. _Count Four_ - 18 U.S.C. §1752(a)(1): Entering and Remaining in a Restricted Building or Grounds

Count Four of the Indictment charges the defendant with entering or remaining in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

>**First:** that Mr. Sturgeon entered or remained in a restricted building or

grounds without lawful authority to do so;

**Second:** that Mr. Sturgeon did so knowingly, meaning he knew that the area he entered or remained in was a "restricted building or grounds" as defined below, and he knew he lacked lawful authority to enter or remain there.[10]

### Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.[11]

The term "knowingly" shall have the same meaning as that described in the instructions for Count One.

## V.    *Count Five* - 18 U.S.C. §1752(a)(2) : Disorderly and Disruptive Conduct in a Restricted Building or Grounds

Count Five of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**First:** that Mr. Sturgeon engaged in disorderly or disruptive conduct;

**Second:** that Mr. Sturgeon did so knowingly, meaning he knew that the building or grounds was restricted and he lacked lawful authority to enter or remain there.

**Third:** that Mr. Sturgeon did so with the intent to impede or disrupt the

---

[10] *See US v. Alexander Sheppard*, 21-cr-203 (JDB), Final Jury Instructions. *See also Reffitt*, ECF No. 119 at 30 in addition to supplemented language.
[11] *Id*. *See also United States v. Dustin Thompson*, 21-cr-161 (RBW), Final Jury Instructions, ECF No. 83 at 31.

orderly conduct of Government business or official functions;

Fourth: that Mr. Sturgeon's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.[12]

## Definitions

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.[13]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[14]

The term "restricted building or grounds" has the same meaning provided above for Count Four.

## VI. *Count Six* - 18 U.S.C. §1752(a)(4): Engaging in Physical Violence in a Restricted Building or Grounds

Count Six of the Indictment charges the defendant with engaging in physical violence in a restricted building or grounds

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**First:** that Mr. Sturgeon knowingly and intentionally engaged in physical violence in the Capitol grounds or building;

---

[12] *See US v. Alexander Sturgeon*, 21-cr-203 (JDB), Final Jury Instructions
[13] *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 38.
[14] *Id*. at 34.

**Second:** that Mr. Sturgeon did so knowingly, meaning he knew that the building or grounds was restricted building and he lacked lawful authority to enter or remain there.

## Definitions

"Violence" means the use of physical force so as to injure, abuse, damage, or destroy[15]

The term "restricted building or grounds" has the same meaning provided above for Count Four.

## VII.    *Count Seven* - 40 U.S.C. §5104 (E)(2)(E): Obstructing, or Impeding Passage Through or Within, the Grounds or Any of the Capitol Buildings

Count Seven of the Indictment charges the defendant with Obstructing and impeding passage through and within the United States Capitol Grounds and any of the Capitol Buildings.  The government has provided notice that it will move to dismiss Count Seven prior to the start of trial.

## VIII.   *Count Eight* - 40 U.S.C. §5104 (E)(2)(F): Engaging in an Act of Physical Violence in the Grounds and Any of the Capitol Buildings

Count Eight of the Indictment charges the defendant with Engaging in an Act of physical violence within the United States Capitol Grounds and any of the Capitol Buildings.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

---

[15] Merriam-Webster Definition of "violence."

**First:** that Mr. Sturgeon engaged in an act of physical violence on the Capitol Grounds

**Second:** that Mr. Sturgeon did so willfully and knowingly.

## <u>Definitions</u>

An "act of physical violence" means any act involving (1) an assault or other infliction or threat of infliction of death or bodily harm on an individual, or (2) damage to, or destruction of, real or personal property.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____

Maria N. Jacob
Ned Smock
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500