IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 21-CR-91 (RCL) |
| : | |
| CRAIG MICHAEL BINGERT, and : | |
| ISAAC STEVE STURGEON, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S MOTION TO RECONSIDER LEGAL INSTRUCTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Motion to Reconsider Legal Instructions. The government respectfully requests that the Court reconsider its ruling with respect to the definition of the term "knowingly" for purposes of Counts Four, Five, and Six (Dkt. Entry 163) for the reasons set out below.

**PROCEDURAL BACKGROUND**

Defendants Craig Bingert and Isaac Sturgeon are charged with seven offenses relating to their actions on January 6, 2021, including: obstruction of an official proceeding and aiding and abetting, in violation of Title 18, United States Code, Sections 1512(c) and (2) (Count One); assaulting, resisting, or impeding certain officers, in violation of Title 18, United States Code, Section 111(a)(1) (Count Two); civil disorder, in violation of Title 18, United States Code, Section 231(a)(3) (Count Three); entering and remaining in a restricted building or grounds, in violation of Title 18, United States Code, Section 1752(a)(1) (Count Four); disorderly and disruptive conduct in a restricted building or grounds, in violation of Title 18, United States Code, Section 1752(a)(2) (Count Five); engaging in physical violence in a restricted building or grounds, in violation of Title 18, United States Code, Section 1752(a)(4) (Count Six); and engaging in an act

1

of physical violence in the grounds or in any of the Capitol buildings, in violation of Title 40, United States Code, Section 5104(e)(2)(F) (Count Eight).

The parties began a bench trial in this case on May 15, 2023. In its Trial Brief, the government proposed legal instructions and definitions for each of the seven charges in the Second Superseding Indictment, including instructions on the elements and definitions for violations of Section 1752 (Counts Four, Five and Six). Dkt. Entry 160. Specifically, the government's instructions include a requirement that the defendants acted "knowingly" when they undertook the acts prohibited by the statute – i.e. "entered or remained in a restricted building or grounds" (Count Four); "engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds" (Count Five); and "engaged in any act of physical violence against any person or property in any restricted building or grounds" (Count Six). *Id.* The government proposed a definition of "knowingly" consistent with the common law:

> A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, all of the evidence may be considered, including what the defendant did, said, or perceived.

Dkt. Entry 160 at 5.

The defense proposed instructions that were generally consistent with the government's proposal. The defense proposed a definition of "knowingly" that was nearly identical to the government's:

> A person acts "knowingly" if he realizes what he is doing and is aware of the nature of the conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Dkt. Entry 162 at 2, 10. For the *mens rea* element of the Section 1752 charges, the defense proposed three slightly different variations of the term "knowingly" for each of Counts Four, Five,

and Six. As to Count Five, the defense proposed to define "knowingly" as "meaning he knew that the building or grounds was restricted and he lacked lawful authority to enter or remain there." *Id.* at 10. As to Count Six, the defense proposed the meaning, "he knew that the building or grounds was a restricted *building* and he lacked lawful authority to enter or remain there." *Id.* at 12 (emphasis added). As to Count Four, the defense proposed "meaning he knew that the area he entered or remained in was a 'restricted building or grounds' *as defined below*, and he knew he lacked lawful authority to enter or remain there." *Id.* at 10 (emphasis added) (citing *United States v. Reffitt*, 21-CR-32 (DLF), and *United States v. Sheppard*, 21-CR-203 (JDB)).

On May 18, 2023, the Court issued its rulings on the legal instructions. Dkt. Entry 163. The Court adopted the instructions and definitions proposed by the government with one exception, holding: "[t]o prove that defendants 'knowingly' committed the relevant acts in a 'restricted building or grounds' for purposes of Counts Four, Five, and Six, the government must prove not only that defendants knew they were in a 'posted, cordoned off, or otherwise restricted area,' but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.'" *Id.*

The government now moves the Court to reconsider its ruling with respect to the elements of Section 1752(a).

**ARGUMENT**

The government respectfully requests that the Court reconsider its instruction, which appears to require the government to prove not just that the defendant knew that the area was restricted, but *why* it was restricted. This proposed requirement was not specifically requested by the defense; has not been imposed in any other January 6 case; and is not consistent with the statutory text, structure, or congressional intent.

As an initial matter, the government does not disagree with the substance of the *mens rea* requirement proposed by the defense in this case. As to Count Four, the government agrees that it must prove that the defendant "knew that the building or grounds was restricted" and knew "he lacked lawful authority to enter or remain there[.]" Dkt. Entry 162 at 2, 10. This is the instruction used for this element for Count Four in *United States v. Reffitt*, 21-CR-32 (DLF), and *United States v. Sheppard*, 21-CR-203 (JDB), which, as noted, the defense cited in support of its proposed *mens rea* element. *See* Dkt. Entry 162 at 10 n.10. In both of those cases, the court instructed the jury that, to prove a violation of Section 1752(a)(1), the government must show "that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there[.]" *United States v. Reffitt*, 21-CR-32 (DLF), Dkt. Entry 119 at 30; *United States v. Sheppard*, 21-CR-203 (JDB) Transcript of Jury Trial, at 77 ln. 15 (same) (excerpt attached as Exhibit A).[1]

The Court's proposed instruction, however, is inconsistent with the statutory text and does not appear to have been requested by the defense in this case. In addition to requiring the government to prove that the defendant knew the building or grounds were restricted and knew he

---

[1] The government does not agree with the defense's suggestion that, for Counts Five and Six, the defendant must know he lacked lawful authority to enter or remain in a restricted area. Section 1752(a)(1)—the subsection at issue in Count Four—applies to whoever "knowingly enters or remains in any restricted building or grounds without lawful authority to do so[.]" § 1752(a)(1). The government thus agrees that the defendant must know he was without lawful authority for that count. But Sections 1752(a)(2) and (a)(4)—the subsections at issue in Counts Five and Six—say nothing about lawful authority. Indeed, for Section 1752(a)(2), the defendant need not be in the restricted area to violate the statute. Instead, Section 1752(a)(2) requires that the defendant knowingly engage in disorderly or disruptive conduct "with intent to impede or disrupt the orderly conduct of Government business or official functions[.]" § 1752(a)(2). And Section 1752(a)(4) requires that the defendant "knowingly engage[ ] in any act of physical violence against any person or property in any restricted building or grounds[.]" § 1752(a)(4). Neither of these subsections require that a defendant know he lacked lawful authority to enter or remain in a restricted building or grounds.

lacked lawful authority to enter or remain there, the Court's instruction requires the government to prove that the defendant "knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting,'" Dkt. Entry 163—in other words, that the defendant knew *why* the area was restricted. Although the defense's proposed instruction on Count Four (but not Counts Five or Six) included a requirement that the defendant "knew that the area he entered or remained in was a 'restricted building or grounds,' as defined below," the government does not understand the defense to have meant this language to incorporate the requirement that the defendant knew *why* the area was restricted, which was not imposed in the *Reffitt* or *Sheppard* cases the defense cited as authority for its proposed instruction.

Indeed, in the many other cases arising out of January 6 that have charged offenses under Section 1752(a), no court in this district has required the government to prove that a defendant knew that the area was "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting" in order to sustain a conviction. *See e.g.*, *United States v. David Charles Rhine*, 21-CR-687 (RC), Dkt. Entry 105 at 15 (including government's proposed instructions on violations of Sections 1752(a)); *United States v. Donnie Wren et al.*, No. 21-CR-599 (RBW), Dkt. Entry 121 at 39 (same); *United States v. Sara Carpenter*, 21-CR-305 (JEB), Dkt. Entry 97 at 12 (same); *United States v. Vitali GossJankowski*, 21-CR-123 (PLF), Dkt. Entry 166 at 31 (same). In fact, this Court has not applied the law in this way in any of its previous cases, including cases concluded as recently as the last three weeks. *See United States v. Leo Kelly*, 21-CR-708 (RCL), Dkt. Entry 101; *United States v. Christopher Worrell*, 21-CR-292 (RCL), Dkt. Entry 245.

The Court's proposed addition to the *mens rea* requirement is also incorrect as a matter of statutory interpretation. When a statute such as Section 1752(a) contains an express "knowingly" requirement, the Court must determine "how far down the sentence the word 'knowingly' is intended to travel[.]" *Liparota v. United States*, 471 U.S. 419, 424 n.7 (1985) (quotation marks omitted). Section 1752(a)(1) provides: "(a) Whoever – (1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so . . . or attempts or conspires to do so, shall be punished as provided in subsection (b)." As the Supreme Court has repeatedly recognized, this statutory structure raises the question "how far into the statute the modifier [knowingly] extends." *Rehaif v. United States*, 139 S. Ct. 2191, 21196 (2019).

The Ninth Circuit recently gave a lengthy summary of how to answer this question in *United States v. Collazo*, 982 F.3d 596, 610-12 (9th Cir. 2020) (en banc). In sum:

> In determining whether Congress intended a *mens rea* requirement in a criminal statute to apply to noncontiguous words or phrases, the Supreme Court uses ordinary tools of statutory interpretation. The Court starts "as always, with the language of the statute," *Dean v. United States*, 556 U.S. 568, 572 (2009) (quoting *Williams v. Taylor*, 529 U.S. 420, 431 (2000)), and considers the natural reading of the language using "ordinary English grammar," *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009). . . . This rule is not rigid: the word "knowingly" does not necessarily apply to every word in "a long statutory phrase, such that questions may reasonably arise about how far into the statute the modifier extends." *Rehaif*, 139 S. Ct. at 2196[.] . . . The Court also considers the "surrounding text and structure." *Maracich v. Spears*, 570 U.S. 48, 76 (2013). . . . In addition to considering the text and structure of the statute, the Court recognizes the presumption, traceable to the common law, that "Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct." *Rehaif*, 139 S. Ct. at 2195 (citation omitted). . . . By contrast, absent statutory language suggesting otherwise, the scienter presumption does not apply to elements that do not separate innocent from wrongful conduct. *See id.* at 2196 (holding that because "jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter").

*Id.*

Here, there are compelling reasons not to apply the word "knowingly" to the definition of "restricted building or grounds." First, Congress placed that definition in a separate subsection that does not define the offense. *See Collazo*, 982 F.3d at 613 ("[I]t is natural to read the intent requirement of 'knowingly or intentionally' as modifying only the elements contained in the statutory phrase defining the § 841(a)(1) offense, *i.e.*, 'distribute' and 'a controlled substance.'"). Second, the fact that several of the subsections in Section 1752(a) contain multiple *mens rea* requirements—the "intent to impede or disrupt the orderly conduct of Government business or official functions," § 1752(a)(2)-(3), and "the intent to knowingly and willfully direct or otherwise cause such unmanned aircraft system to enter or operate within or above a restricted building or grounds," § 1752(a)(5)—shows that "Congress knew how to require proof of mens rea with respect to the predicate facts for [the statute], and chose not to do so[.]" *Collazo*, 982 F.3d at 614. Third, applying "knowingly" to the definitional subsection "would not separate wrongful from otherwise *innocent* conduct." *United States v. Morgan*, 45 F.4th 192, 208 (D.C. Cir. 2022). Entering or remaining in an area knowing it is restricted and knowing that you do not have authority to be there "is not an 'entirely innocent' act." *Collazo*, 982 F.3d at 615 (quoting *Rehaif*, 139 S. Ct. at 2197);[2] *see also, e.g.*, *United States v. Crowder*, 656 F.3d 870, 875 (9th Cir. 2011) (holding that the word "knowingly" in the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a)—which imposes criminal penalties on any person who "knowingly fails to register or

---

[2] The same is true for the other subsections of Section 1752(a) for which the Court's proposed instruction would impose this requirement. Knowingly engaging in disorderly or disruptive conduct "with intent to impede or disrupt the orderly conduct of Government business or official functions" in violation of Section 1752(a)(2) is not innocent conduct, and neither is "knowingly engag[ing] in any act of physical violence against any person or property" in violation of Section 1752(a)(4).

update a registration as required by [SORNA]"—does not apply to the phrase "as required by [SORNA]" because a defendant would know failing to register was "not an innocent act").

Applying knowingly to the definitional phrase would also undermine congressional intent. The clear goal of the statute is to help ensure the safety of Secret Service protectees. A requirement that a defendant know or be on notice of a particular protectee's location in order to violate the statute is clearly antithetical to that goal. *See United States v. Couy Griffin*, 21-CR-92, Dkt. Entry 110, discussed *infra*. Additionally, such a reading of the statute would make certain prosecutions nearly impossible. For example, the definition of "restricted buildings or grounds" includes "any posted, cordoned off, or otherwise restricted area—(C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance[.]" § 1752(c)(1)(C). Thus, the Court's proposed interpretation of the statute's "knowingly" requirement would require the government to prove beyond a reasonable doubt that a defendant knew that an area was restricted "in conjunction with an event designated as a special event of national significance" in order to obtain a conviction under this subsection – an almost impossible bar. *See, e.g.*, *United States v. Cox*, 577 F.3d 833, 837 (7th Cir. 2009) (holding that "knowingly" does not apply to a minor's age because "[i]t seems implausible that Congress would want it to be harder to prove a violation of § 2423(a) than of § 2421, when the purpose of the former provision is to provide heightened protection for minors against sexual exploitation").

Consistent with the foregoing, in another January 6 prosecution, Judge McFadden explicitly declined to apply Section 1752(a)'s "knowingly" requirement to the definition of "restricted buildings or grounds" in Section 1752(c). Judge McFadden explained:

> The defense's second argument is that Mr. Griffin cannot be convicted under 1752(a) unless the government shows he knew a Secret Service protectee was or would be temporarily visiting in the restricted building or grounds at issue.

8

> I disagree. The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute. That's according to *Liparota v. United States*, 471 U.S. 419, page 424, from 1985. So determining the mental state required for commission of a federal crime requires "construction of the statute and inference of the intent of Congress." From *Staples v. United States*, 511 U.S. 600, page 605, from 1994.
>
> Here, the text of 1752, which is the best evidence of Congress's intent regarding the mens rea, forecloses the defendant's argument. I find that Congress specifically included a mens rea requirement in those portions of the statute laying out the elements of the offense, while excluding that mens rea requirement in the definitional provision. A defendant must act knowingly in committing the offense conduct identified in Subsections (a)(1) through (a)(5). Each of those subsections begins with the word "knowingly." By contrast, that limitation appears nowhere in the definitional provision of (c)(1).
>
> [. . .]
>
> In sum, the text of the statute makes clear that Congress did not intend for the scienter requirement to apply to 1752's definitional provisions.
>
> And I should also say, it doesn't make a lot of sense to me that the government would have to prove somebody knew that a specific dignitary was there. I can't imagine that a provision that is looking to protect Secret Service protectees would require the Secret Service to somehow be telling people and proving that people knew which protectee was in the restricted area at what time.

*United States v. Couy Griffin*, 21-CR-92 (TNM), Dkt. Entry 106, 330-32.

The Court's ruling requiring the government to prove that the defendants knew that the area was one that a protectee of the Secret Service was visiting would also run counter to the Court's previous rulings *in this case.* In its Memorandum Opinion denying the defendants' motion to compel, entered just two weeks ago, the Court stated, "The government argues, and the Court agrees, that the reason *why* certain areas were restricted is irrelevant to defendants' state of mind in entering those areas." *United States v. Bingert*, No. 21-CR-91 (RCL), 2023 WL 3203092, at *6 (D.D.C. May 2, 2023).

9

**CONCLUSION**

For all of these reasons, the government respectfully requests that the Court reconsider its ruling that the government must prove not only that defendants "knew they were in a 'posted, cordoned off, or otherwise restricted area,'" but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.'" Instead, the Court must find that the government has proven "that the defendant[s] knew that the building or grounds was restricted and [they] knew that [they] lacked the lawful authority to enter or remain there." *Reffitt*, 21-CR-32 (DLF), Dkt. Entry 119 at 30.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Kaitlin Klamann
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov

By: /s/ Courtney A. Howard
COURTNEY A. HOWARD
Trial Attorney, Criminal Division
Detailed to the U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20001
NY Bar No. 4513909
202-514-3130
Courtney.Howard2@usdoj.gov