UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 21-91 (RCL) |
| ) | |
| ISAAC STEVE STURGEON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT STURGEON'S OPPOSITION TO
MOTION TO RECONSIDER LEGAL INSTRUCTIONS**

The government argues that the "knowingly" mens rea applicable to Counts 4, 5 & 6 does not extend to the term "restricted building or grounds" as Congress defined that term in 18 U.S.C. § 1752(c). The government's argument – that Mr. Sturgeon need not know that the area was a "restricted building or grounds," but need only know that it was "restricted" in some generic sense, is not logical.

As to whether Mr. Sturgeon has requested the disputed instruction, as to Count 4, Mr. Sturgeon did request that the Court be required to find that he knew the area entered was a "restricted building or grounds" as that term has been defined by Congress. The government is correct that he did not make that same requrest as to Counts 5 and 6. That was an oversight and Mr. Sturgeon appreciates the Court catching that error.

As to the merits of the instruction, the government concedes that the area Mr. Sturgeon entered had to qualify as a "restricted building or grounds" as Congress defined that term, and concedes that he had to know the area was "restricted," but resists the Court's conclusion that he has to know the area was a "restricted building or grounds." Under the government's interpretation, Congress must have intended two different meanings for the same three words –

1

the Court must find the area entered met Congress's definition of "restricted building or grounds" for purposes of determing that it had that special status but, for purposes of determining whether Mr. Sturgeon knew that status, must find only that that he knew he was entering a "building" or "grounds" that was "restricted," under some everyday dictionary definition of those terms.  It makes no sense to suggest that Congress would specifically define the term of art "restricted building or grounds" for one purpose but then want those same words to have some other, undefined, meaning when considering them for a second purpose.

Alternatively, the government must be suggesting that Congress intended to extend the "knowingly" requirement to only the first half of its definition of "restricted building or grounds" – the requirement that the the area be posted, cordoned off, or otherwise "restricted" – but not the second half, where it set forth the nature of the grounds themselves.  It makes no sense to suggest that Congress would require knowledge of something for which it provided a very specific definition but intend to incorporate only half of that definition.  Mr. Sturgeon is not asking this Court to extend "knowingly" to a distant subsection as the government suggests, but is simply making the obvious point that in requiring that a defendant enter a "restricted building or grounds," Congress intended that term to mean what it said it means.

The government relies on *United States v. Collazo*, 982 F.3d 596 (9th Cir. 2020) (en banc), but that case, which involved the "controlled substance" statute, supports Mr. Sturgeon's point.  *Collazo* addressed whether the prohibition on "knowingly . . . distribut[ing]… a controlled substance" required the government to prove the defendant knew the quantity or type of controlled substance.  Both the majority and dissent in *Collazo* agreed that a defendant has to know not just that he is distributing a "substance" that is "controlled" in the generic sense (that could be any prescription drug at all – antibiotics are "controlled" but they are not covered by

Schedules I-V), but has to know that the substance fits Congress's definition of a "controlled substance" (that it was a substance listed in one of the "controlled substance" schedules even if he does not know exactly which listed drug it is). *See McFadden v. United States*, 576 US 186, 192 (2015) ("The ordinary meaning of § 841(a) … requires a defendant to know only that the substance he is dealing with is some unspecified substance *listed on the federal drug schedules*") (emphasis added). In other words, the definition of "controlled substance" (Schedules I-V) is being incorporated into the knowledge requirement of § 841 just as Mr. Sturgeon contends the definition of "restricted building or grounds" is incorporated into the knowledge requirement of § 1752.

Contrary to the government's suggestion, Mr. Sturgeon is not arguing that he had to know the location of a "particular protectee." He simply has to know that the "restricted building or grounds" definition is met, *one way or another*, just as a drug distribution defendant has to that the "controlled substance" definition is met, one way or another. Thus, contrary to the government's contention, Mr. Sturgeon is not alleging that a defendant has to know "why" the area he entered qualified as a "restricted building or grounds." He just has to know that it did.

In many cases, that burden will be met because there was Secret Service signage like that outside the homes of former presidents, stating explicitly that the area is a "restricted building or grounds." In other cases, the government will argue that the defendant knew he was entering a "restricted building or grounds" because he could see the White House right in front of him. Frequently, defendants who jump barricades admit their knowledge, telling law enforcement upon arrest that they did so because they had important information for the President. Often, a protectee's presence will have been publicized, such as for a rally or public speech, and indeed, the government may be able to persuade the Court here that, despite the absence of any Secret

3

Service presence or signage, Mr. Sturgeon in fact knew there was a protectee present. It is just not accurate to characterize the *mens rea* requirement Mr. Sturgeon proposes as an "almost impossible bar." Opp. at 8. To the contrary, in most "fence-jumper" cases, the defendant goes past the perimeter *because* it is a "restricted building or ground" and that will be easy to prove. The mens rea requirement of § 1752 should not be lowered for the unique facts of January 6th.

The government contends that it is not necessary to read the statutue as incorporating the definition of a "restricted building or grounds" in order to separate criminal from "otherwise innocent" conduct. First, the question is whether Congress intended to incorporate that definition, not whether it had to do so in order to avoid criminalizing innocent conduct. Second, it is not correct that entering a generically "restricted" area is in all cases already criminal conduct. Not all entries into a "restricted building or grounds" are the crime of trespassing, yet under the government's interpretation such entries violate § 1752 as long as the defendant knows the area is subject to some generic "restriction." The Secret Service can restrict public areas where it would not be "trespassing" to ignore a generic "area closed" sign. If President Biden stops at an ice cream shop and a portion of the public sidewalk out front is posted closed, ignoring that sign and continuing along the sidewalk is, Mr. Sturgeon contends, not otherwise criminal conduct. Because it is the sidewalk's status as a "restricted building or grounds" that makes that conduct criminal, the person entering the sidewalk has to know that status.

For these reasons, and those further set forth in *United States v. Cuoy Griffin*, No. 21-92 (TNM), Docket Entry 91, at 2-8, this Court should deny the government's motion to reconsider its jury instructions.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Edward Smock
Lisa B. Wright
Assistant Federal Public Defenders
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500

5