UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 21-CR-91 (RCL) |
| | : | UNDER SEAL |
| ISAAC STURGEON | : | |

**OBJECTIONS TO DRAFT PRESENTENCE REPORT**

Mr. Sturgeon, through undersigned counsel, submits the following objections to the Draft Presentence Report ("PSR") filed on August 18, 2023. *See* ECF No. 179.

I. **Offense Conduct and Relevant Conduct**

Mr. Sturgeon requests that probation add the following to the narrative of facts in the PSR.

Paragraph 29: At trial, Officer Gonzalez also testified that while pushing the whole crowd back, he "hurt his leg in the process, just a minor injury…I took a couple of seconds to make sure that I was fine…..then I just went back and continued to do my job." *See* Trial Transcript, May 15, 2023, at 138. There was no testimony that Officer Gonzalez had to seek medical attention. *Id*.

Paragraph 31: When pulled down by police officers, Mr. Sturgeon also said to officers, "We don't want to hurt you." *See* Gov. Trial Exhibit 209(A) at 1:25.

## II. Adjustment for Obstruction of Justice

Mr. Sturgeon objects to probation's determination that Mr. Sturgeon obstructed justice in this case. *See* PSR at Par. 43. Probation bases its decision to include this adjustment on concluding that Mr. Sturgeon *did in fact* delete evidence on his phone – specifically photographs or videos taken at the police line at the top of the stairs to the Upper West Terrace. *Id*. However, Mr. Sturgeon objects for two reasons. First, there was *no proof* (let alone preponderance of the evidence) that items were deleted from his phone. Secondly, even if there was – there are many more criteria that need to be met in order for this enhancement to apply – none of which have been met.

### A. There is no proof by a preponderance of the evidence that Mr. Sturgeon deleted evidence

Firstly, most of the time that Mr. Sturgeon was in the area of the Upper West Terrace, he had his hands in his pockets and his phone was not in his hands. The PSR refers to two points in time when Mr. Sturgeon takes his phone out and appears to hold it up. There is absolutely no evidence that he was actually recording anything at that time and no support in the trial testimony to suggest that he was in fact recording or photographing the area. It is entirely plausible that an individual can hold up their phone without actually taking a photo or video. Even the case agent, Julia Chen, could not confirm what Mr. Sturgeon was doing with his phone when she testified that, "He *appears* to have his phone up in front of him, *possibly* taking a video." *See* Trial Transcript, May 16, 2023, at 141. (emphasis added). Furthermore, there was no testimony from Julia Chen that there was

Page **2**

evidence of any deleted items when a forensic extraction was done on Mr. Sturgeon's phone. *See Id.*, Testimony of Julia Chen. Agent Chen simply testified that when looking at his phone afterwards – the phone that Mr. Sturgeon consented to a search of, she did not find a photograph or video of the southwest stairs. *Id.* She did not testify, however, that after reviewing the extraction report that there were deleted items. Notably, Mr. Sturgeon consented to a search of his phone where hundreds of photographs, videos, and text messages were found that directly related to his conduct on January 6, 2021. It would be nonsensical to make the decision to delete a few videos while leaving the other hundreds of incriminating videos and messages. Mr. Sturgeon did not delete any of those incriminating videos or messages.

**B. Mr. Sturgeon did not obstruct justice pursuant to U.S.S.G. § 3C1.1.**

As an initial matter, even if Mr. Sturgeon deleted videos or photographs from the top of the Terrace stairs, that does not automatically mean that he did so with an intent to obstruct an investigation. People delete items on their phones for all sorts of reasons, including but not limited to, simply not liking the angle or mistakenly capturing something unintended, clearing up room on phone for more videos, etc…

U.S.S.G. § 3C1.1 dictates that, "obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline only if the conduct was *purposefully calculated, and likely, to thwart the investigation.*" *See* Application Note 1 (emphasis added). Even if Mr. Sturgeon

deleted a couple photos/videos from his phone prior to the FBI conducting their investigation – which he did not – there is no evidence that he would have done so in a calculated manner in an effort to thwart the investigation. The best indication of this lack of intent is the fact that he did not delete any of the very incriminating videos and messages that the government has used repeatedly in this case, such as text messages and videos and photographs of him at the Capitol building. Lastly, the supposed deleted photographs of him standing around in front of officers would have captured nothing that the body worn camera and CCTV footage would not have captured. Therefore, there would be nothing that would have thwarted the investigation.

Lastly, "an enhancement under § 3C1.1 is only appropriate where the defendant acts with the intent to obstruct justice." *United States v. Ring*, 811 F. Supp. 2d 359, 383 (D.D.C. 2011). The government carries the burden of proving facts in support of a sentence enhancement by a preponderance of the evidence. *United States v. Washington*, 115 F.3d 1008, 1010, 325 U.S. App. D.C. 105 (D.C. Cir. 1997). Here, the government has failed entirely to present any facts that Mr. Sturgeon actually deleted evidence from his phone or that he intended to obstruct justice in doing so – especially when he consented to the search of his phone and the government found ample evidence of videos and posts throughout the day on January 6, 2021.

### III. Sentencing Guidelines Calculations

**A. Count One: 18 U.S.C. § 1512(c)(2)**

**2J1.2(b)(1)(B):** An 8 level enhancement under this provision does not apply because Mr. Sturgeon did not "cause or threaten to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." While Mr. Sturgeon was convicted of assault, that does not automatically mean that he intended to cause or threaten physical injury. Officer Gonzalez stumbled as a result of several people pushing into a bike rack. There is no evidence that Mr. Sturgeon's actions directly led to Officer Gonzalez falling back. Furthermore, stumbling and falling is not equivalent to "physical injury" which means physical damage to a person's body.[1] Other than Officer Gonzalez stumbling and falling down, there is no evidence he was physically injured. Also, Mr. Sturgeon never threatened to cause injury. While he grabbed a barricade, that does not mean he intended to use it to cause injury – which is not a required element of assault and was not a finding by this Court in its decision to convict Mr. Sturgeon of assault. *See* Findings of Fact, ECF No. 166.

**2J1.2(b)(2)**: The government is incorrect that a 3 level enhancement applies because this offense did not result in "substantial interference with the administration of justice." *See United States v. Hunter Seefried*, 21-cr-287 (TNM), Memorandum Opinion, ECF No. 123. This argument equally applies to § 2J1.2(b)(1)(B) – which also requires that the threat of physical injury be done in order to obstruct the administration of justice. For the reasons described in *Seefried*, neither 2J1.2.(b)(1)(B) or 2J1.2(b)(2) apply.

---

[1] *See e.g.*, Black's Law Dictionary 906, 1331 (10th ed. 2014).

**3A1.2(c)(1)**: Mr. Sturgeon objects to probation applying an additional 6 level enhancement pursuant to Chapter 3. *See* PSR at Par. 60. U.S.S.G. § 3A1.2 (c)(1) explains that, if, in a manner creating substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable – then a 6 level enhancement applies when the victim is a law enforcement officer.

Firstly, in choosing to use the 2J1.2 guideline rather than the Aggravated Assault guideline under U.S.S.G. § 2A2.2, probation cannot then also add an additional enhancement that accounts for the same conduct it outlines in the 8 level enhancement pursuant to 2J1.2 (b)(1)(B). That would be clear double counting. Furthermore, the application note of 3A1.2(c)(1) emphasizes that this 6 level enhancement is only to be applied in connection with "Aggravated Assault." *See* Application Note 4(A). The sentencing guidelines, therefore, clearly intend that this guideline only be used when applying the Aggravated Assault guideline – not the obstruction guideline which already calls for an 8 level enhancement if there is an injury or a threat to injure.

The courts have routinely *only* applied the 8 level enhancement in past January 6 cases when using the 2J1.2 guideline. The government has also acknowledged that it cannot request both enhancements when using the Obstruction guideline. *See United States v. Gregory Rubenacker*, 1:21-cr-193 (BAH), Gov. Sent. Memo, ECF No. 56 (Defendant with identical convictions as Mr. Sturgeon - government calculates guidelines under 2J1.2 even though defendant convicted of assault on an officer and only advocates for 8 level enhancement

Page **6**

pursuant to 2J1.2(b)(1)(B) and not an additional 6 level enhancement pursuant to 3A1.2(c)(1) – court then adopts this argument and final guideline range is 41-51 months); *United States v. Scott Fairlamb*, 1:21-cr-120 (RCL), ECF No. 38, Plea Agreement at pg. 3 (Government plea agreement does not contemplate 6 level enhancement pursuant to 2J1.2 and therefore guideline range is 41-51 months); *United States v. Dale Jeremiah Shalvey*, 21-cr- 334 (TJK), ECF No. 70, Plea Agreement at pg. 3 (same); *United States v. Mitchell Todd Gardner II*, 21-cr-622 (APM), ECF No. 48 at pg. 3 (same except 2A2.2 is applied ultimately because it produces a higher range); *United States v. Daniel Scott*, 21-cr-292 (RCL), ECF No. 208, Plea Agreement at pg. 3 (plea agreement does not propose double counting by adding 6 level official victim enhancement under 2J1.2. guideline); *United States v. Brian Gunderson*, 21-cr-137 (RC), ECF No. 54, Gov. Sentencing Memo at 22 (government files sentencing memorandum after stipulated bench trial and does not ask for additional 6 level enhancement under 2J1.2)

In fact, the plea offer proposed by the government in the instant matter acknowledges the same. *See* Exhibit 1, Sturgeon proposed plea agreement. Oddly, in its memorandum to probation regarding the guidelines – it somehow contradicts its own position that it maintained in its own proposed plea agreement. Its approach, and probations approach, should however, be consistent with past January 6 cases.

Even though this provision clearly does not apply, there also can be no credible claim that Mr. Sturgeon "created a substantial risk of *serious bodily injury*" as required by this provision. Officer Gonzalez did not even sustain "bodily injury"

Page 7

and certainly was not at risk for experiencing "serious bodily injury," which is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. U.S.S.G. § 1B1.1 (M). *See Swinton v. United States*, 902 A.2d 772, 775 (D.C. 2006) (finding insufficient evidence of serious bodily injury when victim had to go to the hospital but injury did not rise to the level of serious – noting other cases where serious bodily injury was found where injuries were typically life-threatening or disabling). At trial, Officer Gonzalez testified that while pushing the whole crowd back, he "hurt his leg in the process, just a minor injury…I took a couple of seconds to make sure that I was fine…..then I just went back and continued to do my job." *See* Trial Transcript, May 15, 2023, at 138. There was no testimony that Officer Gonzalez had to seek medical attention. *Id*. For these reasons, what occurred certainly did not rise to level of "serious bodily injury" and this enhancement is not appropriate for this reason as well.

### B. Appropriate guideline Range Calculation

Based on the above, Mr. Sturgeon's sentencing guideline range should be 15-21 months, not 135-168 months calculated by probation. *See* PSR at Par. 123. The defense's calculation is based upon using the guidelines under U.S.S.G. § 2J1.2 as that produces a higher guideline range than U.S.S.G. § 2A2.4 (which would otherwise be the appropriate guideline rather than the aggravated assault

guideline). Using U.S.S.G. § 2J1.2 produces an offense level 14. Mr. Sturgeon is in criminal history category I – making his guideline range 15-21 months.

## IV. Restitution

Mr. Sturgeon objections to probation's assessment that restitution is mandatory. *See* PSR at Par. 159, 160. Firstly, probation provides 18 U.S.C. § 3663 (a)(3) in support of its position. However, this provision states that "the court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." There was no executed plea agreement in this matter as it to proceeded to trial.

In any event, restitution is not mandatory under any of the other statutory provisions in 18 U.S.C. § 3663. "Restitution is exclusively a creature of statute," and thus, the penalty must follow strict statutory guidelines without expanding its scope. *U.S. v. Udo*, 795 F.3d 24, 33 (D.C. Cir. 2015). The two statutes that create restitution are 18 U.S.C. § 3663, which addresses restitution generally, and § 3663A, which creates mandatory restitution for victims of certain crimes. An order of restitution under 18 U.S.C. § 3663 applies to certain drug offenses or offenses under § 3663A, namely crimes of violence[2], offenses against property, or offenses "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)-(B). A "victim" is "a person directly and proximately harmed" by the offense committed or, if the offense includes "as an

---

[2] 18 U.S.C § 16 defines "crime of violence" as (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of the offense.

Page **9**

element a scheme, conspiracy, or pattern of criminal activity," any person who is directly harmed in the course of the scheme. 18 U.S.C. § 3663(a)(2).

Probation has named the victim to be the "Architect of the Capitol." However, Mr. Sturgeon did not directly or proximately harm the Capitol building. He did not even enter the building and caused no damage to its interior or exterior. Calculation of loss from the underlying conduct of the offense of conviction establishes the "outer limits of a restitution order." *Hughey v. U.S.*, 495 U.S. 411, 420 (1990). Therefore, if the conduct that gave rise to the charge did not cause actual loss, the Court will not issue a restitution order. *See Id.* at 418-9.

Lastly, Officer Gonzalez is also not the victim for purposes of mandatory restitution. As discussed above, there was no injury that resulted in this case. Officer Gonzalez did not seek medical attention and was able to resume his work at the Capitol building. Without an identifiable injury, the statute does not mandate restitution.

Sincerely,

\_\_\_\_/s/_____

Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave NW Suite 500
Washington, D.C. 20004
(202) 208-7500

ROYCE C. LAMBERTH, UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 0090 1:21CR00091-002 |
| | : | |
| vs. | : | Disclosure Date: August 18, 2023 |
| | : | |
| **Sturgeon, Isaac** | : | |

### PARTIES OBLIGATION AND RESPONSE TO PRESENTENCE REPORT

Pursuant to Fed. Rules of Crim. Proc. Rule 32(f)(1) and (2), the parties shall submit any material inaccuracies or disputes to the presentence investigation report (PSR) by September 1, 2023. This form and/or objections to the PSR shall be filed via CM/ECF.

Note: The probation office never includes information about 18 USC § 3553(e) or USSG § 5K1.1, pursuant to Rule 32(d)(3).

### For the Government

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

( )   There are material/factual inaccuracies in the PSR.

### For the Defendant

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

(X)   There are material/factual inaccuracies in the PSR.

### Restrictions on Use and Redisclosure of Presentence Report

The presentence investigation report and this form are not public documents.

It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.