UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 21-91 (RCL) |
| | ) |
| ISAAC STEVE STURGEON, | ) |
| | ) |
| Defendant. | ) |

# REPLY IN SUPPORT OF MOTION TO DELAY SELF-SURRENDER DATE

Defendant, Isaac Sturgeon, through counsel, submits the following reply to the government's response (ECF No. 217) in support of his request that his self-surrender date be extended past January 2, 2024.

The government opposes this request because of the length of time this case has been pending, arguing that "further delay is unfair to the public" and mistakenly attributes the delay to Mr. Sturgeon. The government also misunderstands Mr. Sturgeon's request to be *only* asking for this delay for the purpose of spending time with family over the holidays. Rather, his request is mostly out of necessity given his business and financial needs.

Firstly, and most notably, the government was across the board requesting delay in all January 6 cases in 2021 and 2022 citing the voluminous discovery challenges it was facing at the start of these prosecutions. This case was no

exception. On March 15, 2021, the government made an oral request to toll time under the Speedy Trial Act noting that the interests in the delay outweighed the interest the public had in a Speedy Trial. Then, approximately two months later the government filed a Superseding Indictment – which resulted in a further exclusion of time. On October 25, 2021, the government filed a memorandum regarding the status of discovery and explained, as it did in all of its January 6 prosecutions, its continued efforts of implementing a plan for discovery to enable counsel to review the unprecedented amounts of information. *See* ECF No. 52. In this filing the government emphasized that it had to contract with outside agencies to be able to organize and disclose such voluminous discovery. *Id*. In this same filing, the government gave a plan for its *future* productions – noting it was not yet finished producing discovery. In fact, the government, until 2022, continued to file these memorandums in support of further exclusions of time noting its continued efforts. *See e.g., United States v. Michael Timbrook*, 21-cr-361 (TNM), ECF No. 35 (government noting they were unable to meet their initial goal of providing discovery by January 2022 because of several challenges – also noting *it was not yet done* providing discovery).

Now, the government attributes the delay in this case to Mr. Sturgeon and counsel – forgetting its unified requests for exclusions under the Speedy trial act in all January 6 cases for almost two years. After the defense mostly uniformly agreed to these exclusions of time, the defense in turn had an obligation to review the voluminous discovery and diligently prepare for trial and sentencing. None of

this is Mr. Sturgeon's fault.

In continuing to argue that Mr. Sturgeon's request somehow prejudices the public, the government notes that 33 months is more than sufficient to get one's affairs in order. However, Mr. Sturgeon is a sole proprietor and relies on his business for his livelihood. It is unreasonable to expect him to stop working in anticipation of being incarcerated at a time that is not predictable. Two years ago, Mr. Sturgeon could not predict the day he would be sentenced or the time he would have to self-report. In order to support himself, he had to keep working.  In addition, Mr. Sturgeon's business is seasonal and weather dependent – meaning he does not have full control over when projects are started and completed. Mr. Sturgeon currently has to complete 6 business and 18 private contracts.[1] Weather permitting completion will take approximately 6 weeks. They are all consistent contracts which means that billing is pending accomplishing the work. Once the work is done, bills are sent out to customers and with that money – Mr. Sturgeon must pay the hired help. In order to comply with tax laws, he needs to file taxes and complete W9's for the hired help. Notably, Mr. Sturgeon cannot control when the customers actually submit payments – which naturally causes an inability to predict exactly when his projects can be labeled complete and when he can pay his hired help/create W9's for tax purposes.

Lastly, the government oddly provides the recent decision in *United States v.*

---

[1] These projects include two apartment complexes, one talc factory, one grocery store, and two ranches.

*Sheppard*, 21-203 (JDB) where the Court denied a request that was not similar to this one. While undersigned counsel disagrees with the decision in *Sheppard*, it is a unique case with different circumstances where Judge Bates found that spending time with family over the holidays is not a sufficient reason *alone* to delay self-surrender. Here, we have the opposite in that the main reason for Mr. Sturgeon's request is out of necessity for business and financial purposes. The cases that Judge Bates distinguished that were provided by undersigned counsel are actually more fitting for Mr. Sturgeon's request in that all of the Courts in those matters granted defendants' requests to delay self-surrender based on work, financial, and medical reasons. *See United States v. David Mish*, 21-cr-112 (CJN) (Court granted several month extension of self-surrender *for work reasons*); *United States v. Tommy Allan*, 21-cr-064 (CKK) (self-surrender extension granted due to medical reasons); *United States v. James Matthew Horning*, 21-cr-275 (ABJ) (self-surrender extension granted to allow defendant to get insurance claims in order after a storm caused damage to his home). Therefore, the government's reliance on *Sheppard* is completely misplaced.

The small interest that the public has to a speedy outcome in criminal cases is far outweighed by the liberty, financial, and stability interests a defendant has when they are to be removed from society for 6 years.

## Conclusion

For the above reasons, Mr. Sturgeon respectfully requests that the Court

4

order that his self –surrender date of November 7, 2023, be extended until after January 2, 2024.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Maria_Jacob@fd.org