UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| Appellee,    ) | |
| ) | |
| v.        ) | No. 21-cr-91 (RCL) |
| ) | |
| ISAAC STURGEON,    ) | |
| ) | |
| Appellant.    ) | |
| ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION FOR RELEASE PENDING APPEAL**

Isaac Sturgeon respectfully submits this reply to the government's opposition (ECF No. 246) and again moves this Court, pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) for a motion for release pending appeal, and for stay of execution of his sentence under Federal Rule of Criminal Procedure 38.[1]

Firstly, the government cannot credibly claim that when a Supreme Court grants certiorari on an issue, that a substantial question has not arisen. Second, based on past sentences imposed, the Court would likely not have imposed a 72 month sentence on the Assault conviction and 36 months' incarceration on the Civil

---

[1] As an initial matter, Mr. Sturgeon's filing was not "last minute" as the government incorrectly implies in its opposition. Mr. Sturgeon filed this request one day *prior* to the Supreme Court actually granting certiorari in *Fischer* not knowing when the Supreme Court would make its decision. Coincidentally, the Supreme Court made a decision the next day. Furthermore, this request can be filed at any time and there is no deadline under the rules of criminal procedure. Indeed, Mr. Sturgeon could have filed this request even after he reported to serve his sentence. Furthermore, this request is not "unfair" to the co-defendants who have every opportunity to make similar requests to the Court. In fact, counsel for Mr. Bingert has recently moved to adopt Mr. Sturgeon's filing. *See* ECF No. 244.

1

Disorder conviction if Mr. Sturgeon was not also convicted of 18 U.S.C. § 1512(c)(2), which not only drove the high guideline range but also has a significantly higher maximum statutory maximum penalty. Lastly, the government's assertion that Mr. Sturgeon now poses a risk of non-appearance or safety risk is at odds with his perfect compliance over the last two years and his compliance since imposition of sentence over two months ago.

I. **The Supreme Court's Recent Grant of Certiorari in *Fischer* Clearly Presents a Substantial Question of Law.**

Substantiality is no longer hypothetical or debatable: the Supreme Court has granted certiorari to assess whether the D.C. Circuit erred in adopting a broad reading of 18 U.S.C. § 1512(c) "to include acts unrelated to investigations and evidence." *See* Pet. for a Writ of Certiorari at i, *Fischer v. United States,* No. 23-5572 (Sept. 11, 2023), *cert. granted*, 2023 WL 8605748 (Dec. 13, 2023). The Supreme Court granting certiorari is, of course, an incredibly strong indication of substantiality. *See, e.g.*, Sup. Ct. R. 10 ("The following . . . indicate the character of the reasons the Court considers [when reviewing a writ of certiorari]: . . . a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court.").

Thus, the government misunderstands the standard outlined in *Perholtz* and *Bakyo* which define a "substantial question" within the meaning of § 3143(b) to be "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *Bayko*, 774 F.2d at 523). This standard does not require Mr. Sturgeon to convince the Court

2

that the Supreme Court will decide in his favor. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal and grant release pending appeal if it determines that the question is a close one or one that "very well could be" decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986).

## II. Resolution of this substantial question in Mr. Sturgeon's favor would likely result in a reduced imprisonment sentence *on all of the counts* and not just on 18 U.S.C. §1512(c)(2).

The government's main argument for why a reversal of the Obstruction conviction would not result in a reduced imprisonment sentence less than the duration of the appeal is that the Court imposed a sentence of 72 months' incarceration on Count 2, Assault on a Federal Officer, and 36 months on Count 3, Civil Disorder. However, the Court would likely have imposed significantly lower sentences on these count had the guidelines been lower as it has done in past cases involving Assault and Civil Disorder convictions.

As an initial point, under the sentencing-package doctrine, each of the sentences would be vacated upon the reversal of the felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006).

Furthermore, even as the government outlines, the guidelines without the felony obstruction conviction would undoubtedly be lower. Even in the government's

3

best case scenario, the guidelines would be 70-87 months and in Mr. Sturgeon's best case scenario would be 37-46 months. The government did not address the fact that the Court granted a significant downward departure for aberrant behavior. So even if the guidelines are 70-87 months at a re-sentencing, it is unlikely that the Court would give a guideline sentence and impose a sentence of 72 months' incarceration – essentially requiring that the Court abandon its decision to downward depart based on an applicable and appropriate departure.

In addition, this Court has imposed far less sentences for defendants convicted of Assault and Civil Disorder. *See United States v. Devlyn Thompson*, 21-cr-461 (RCL) (defendant sentenced to 46 months' incarceration after conviction on 18 U.S.C. § 111(b) and 111(a)); *United States v. Nolan Cooke*, 22-cr-052 (RCL) (sentence of 12 months and one day of incarceration after conviction on 18 U.S.C. § 231(a)(3)); *United States v. James Robert Elliot*, 21-cr-735 (RCL) (sentence of 37 months' incarceration imposed after conviction on 18 U.S.C. § 111(a)(1)); *United States v. Cale Clayton*, 22-cr- 139 (RCL) (sentence of 30 months' incarceration imposed after conviction on 18 U.S.C. § 111(a)). Thus, it is unlikely that the Court would not impose a lower sentence on Mr. Sturgeon's Assault and Civil Disorder convictions if the Supreme Court decides in his favor and the felony obstruction count is reversed.

Lastly, the D.C. Circuit Court of appeals will likely hold this appeal in abeyance pending the outcome in *Fischer* – making the duration of the appeal process even longer than the average amount outlined in Mr. Sturgeon's motion. It is difficult to anticipate exactly when the Supreme Court will make its decision and the current

loose prediction would be sometime next summer. It would be at that point that the Circuit Court of appeals would *begin* Mr. Sturgeon's appeal process. Given the uncertainty of the timing of Fischer and the elongated appeal process, Mr. Sturgeon's sentence without the felony Obstruction count could very well be lower than the completion of this appeal process.

### III. Mr. Sturgeon has more than met his burden to show by clear and convincing evidence that he does not poses a risk of flight or safety risk after modeling perfect criminal defendant behavior for over two years.

The government first claims that Mr. Sturgeon now poses a risk and flight and danger simply because he faces a lengthy sentence. However, he has been facing that lengthy sentence ever since September 26, 2023, when the court imposed 72 months' incarceration and yet he is still in perfect compliance with his voluntary surrender and pre-trial release conditions. The government's argument has no teeth other than mere speculation that generally the risk goes up after conviction. However, Mr. Sturgeon's actions have proven otherwise and have shown that he continues to reside in Dillon, Montana, complete his business affairs, and spend time with his family – just as he has done before.

Mr. Sturgeon has more than met his burden to show he is not a risk of flight or safety risk by showing his compliance with pre-trial release, his steady employment and lack of criminal history. *See United States v. Sheppard*, 21-cr-203 (JDB), Dkt. 119 (Judge Bates finding in another motion for bond pending appeal that "Sheppard has shown he is not a flight risk or danger to the community on

5

release" when defendant similarly was overall compliant on conditions of release, had no criminal history, and had a steady job).

Lastly, the government's arguments regarding Mr. Sturgeon's alleged minimization of the conduct based on *counsel's rendition* of the facts in his motion are not relevant to this factor. The Court only needs to find by clear and convincing evidence that Mr. Sturgeon poses no safety risk or risk of flight. In addition, counsel's rendition of the facts are consistent with the arguments made at trial in a case that is currently pending appeal. Simply because Mr. Sturgeon does not agree with the outcome at trial does not mean he does not accept the Court's decision. Furthermore, Mr. Sturgeon acknowledged before the Court during his allocution at sentencing that he would accept whatever decision was made with regards to his sentence. The fact that he has pursued legal avenues available to him, through counsel, through past filings to continue sentencing are also not relevant for this factor.

## Conclusion

For these reasons and any others the Court deems just and proper, Mr. Sturgeon asks that the Court grant this motion and order Mr. Sturgeon's release pending resolution of his appeal.

                                         Respectfully submitted,

                                         A.J. Kramer
                                         Federal Public Defender

/s/
Maria Jacob
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500
maria_jacob@fd.org

7